Betty Minyard STEIN, et al., Appellant,

v.

**TEXAS POWER & LIGHT COMPANY, Appellee.**

No. 18303.

Court of Civil Appeals of Texas, Fort Worth.

July 2, 1981.

Rehearing Denied July 23, 1981.

Betty Minyard Stein, pro se.

Burford & Ryburn, Catherine A. Gerhauser, Dallas, for appellee.

## OPINION

SPURLOCK, Justice.

This is a condemnation case. The county court dismissed Betty Minyard Stein's appeal from the award of the special commissioners, rendering judgment for Texas Power and Light. Stein appeals.

We affirm.

On January 13, 1967 Texas Power and Light Company instituted condemnation proceedings to secure additional rights over a presently existing easement. The special commissioners assessed and awarded damages for the taking in this condemnation action at $2,000.00. This award was dated February 20, 1967. On February 23, 1967 Betty Minyard Stein, the condemnee, filed objections to the commissioners' award. On February 15, 1967 Texas Power and Light deposited $4,000.00, twice the amount of the award in the registry of the court. Stein withdrew the $2,000.00 proceeds from the registry on October 10, 1967.

No further action was taken in this proceeding until this matter was set for hearing on August 29, 1979, almost twelve years after Stein withdrew the commissioners' award.

Texas Power and Light filed its motion for judgment alleging a lack of diligence on

the part of Stein sufficient to conclusively show that Stein had abandoned her objection to the award of the special commissioners and her appeal therefrom.

In granting Texas Power and Light's motion for judgment the trial court found that Stein had abandoned her cause; that she failed to establish adequate reason or explanation in law or in fact to justify her failure to bring the matter to trial; and that she failed to use due diligence in that regard and had caused unreasonable delay.

Stein challenges these findings on appeal.

We overrule each of Stein's points of error.

■ In *Denton County v. Brammer*, 361 S.W.2d 198 (Tex.1962) involved facts similar to those presented here. *Brammer* dealt with an appeal from a condemnation hearing. The condemnee filed timely objections to the award of the commissioners but delayed for a period of seven years after filing their objections in the county court to have citation issued and served, and allowed a period of five years to elapse after their withdrawal of the commissioners' award before obtaining a setting and trial in the county court of their claim for compensation and damages.

Denton County, the condemnor, pleaded that Brammer had abandoned his "appeal" as a matter of law.

The Supreme Court sustained Denton County's contention, and in reversing the trial court stated: "[T]he circumstances of this cause raised a conclusive presumption of abandonment by Brammer of his objections, and since such circumstances were wholly unexplained, there was a clear abuse of judicial discretion on the part of the trial court in overruling Denton County's motion to dismiss."

■ The court in *Brammer* recognized that the filing of objections to an award of commissioners by a condemnee does not constitute the institution of a suit by a condemnee. The filing of original objections to an award by the commissioners converts the special condemnation proceedings into a cause or suit pending in the county court. This filing and conversion invests the county court with jurisdiction of the subject matter of the cause.

Under these circumstances Texas Power and Light became the plaintiff and Stein the defendant. Although the condemnee is the defendant, the Supreme Court interpreted the statute granting the county court jurisdiction over these matters as placing the burden of causing issuance of citation and the obtaining of service of citation upon the condemnor on the condemnee.

■ Thus, while Texas Power and Light, as condemnor and plaintiff, had the burden of proving all the essentials necessary to show a right to condemnation and the burden of going forward to trial, *it was under no legal obligation to do so unless and until it had been served with citation.*

The Supreme Court in *Callahan v. Staples*, 139 Tex. 8, 161 S.W.2d 489 stated in regard to unexplained delay; "[W]henever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit . . . ."

In *State v. Jackson*, 388 S.W.2d 924, 925 (Tex.1965), the condemnee, as in the case before us accepted the award of the special commissioners. The Supreme Court held that this acceptance of the award by the condemnee precluded the condemnee from contesting the condemnor's right to take the property.

"By accepting the award of the Special Commissioners the respondent is precluded from contesting the State's right to take the property. Article 1, § 17 of the Texas Constitution, Vernon's Ann.St. in part provides that, 'No person's property shall be taken . . . for or applied to public use without adequate compensation being made, *unless by the consent of such person*; . . . .' After an award has been made, and the money deposited in the registry of the Court and the landowner has withdrawn the same, he cannot thereafter contend that the taking was unlawful. In legal contemplation, he has consented to such taking and will not be permitted to retain his compen-

sation and at the same time assert that the condemning authority had no right to take his property under the eminent domain power." (Emphasis theirs.)

Stein also objects to the jurisdiction of the county court. Tex.Rev.Civ.Stat.Ann. art. 3266 § 6 (1968) provides in part:

"6. If either party be dissatisfied with the decision, such party may, on or before the first Monday following the 20th day after the same has been filed with the county judge, file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court. . . ."

The award was dated February 20, 1967. On February 23, 1967 Stein filed her objections to the award of the special commissioners in the County Court of Denton County.

■ We conclude that the county court had jurisdiction. It was properly invoked by Stein when she timely excepted to the award of the special commissioners. Tex. Rev.Civ.Stat.Ann. art. 3266 § 6; *State v. Nelson*, 160 Tex. 515, 334 S.W.2d 788 (1960); *State of Texas v. Jackson*, 388 S.W.2d 924 (Tex.1965).

■ Stein also appeals the trial court's denial of her motion to proceed in forma pauperis.

We strike this point. The proper remedy where the trial court denies a motion to proceed in forma pauperis is by application for writ of mandamus. *Coleman v. Long*, 407 S.W.2d 279 (Tex.Civ.App.—Dallas 1966, no writ), *Williams v. Maynard*, 515 S.W.2d 9 (Tex.Civ.App.—Austin 1974, writ dism'd).

We affirm the judgment.