**J. Ray MARTIN, Personally & in his official capacity, Appellant,**

v.

**Betty (Minyard) STEIN, Appellee.**

**No. 2–82–203–CV.**

Court of Appeals of Texas, Fort Worth.

March 17, 1983.

Rehearing Denied April 21, 1983.

J. Ray Martin, Denton, appellant pro se.

Before JORDAN, ASHWORTH and SPURLOCK, JJ.

## OPINION

PER CURIAM.

This is an appeal from an undated temporary injunction, enjoining Judge J. Ray Martin, in his capacity as judge of the County Court at Law of Denton County, and the county of Denton itself, from foreclosing upon property owned by appellee in

Denton County to satisfy certain costs of court.

Although, Judge Martin and the District Clerk were the only defendants served in this case, Denton County, as well as Judge Martin, was temporarily enjoined from levying execution on a judgment for costs in cause number 6189, County Court at Law of Denton County Texas. No other officials of the county were served.

This action arises as a result of a long standing controversy involving condemnation proceedings brought originally by Texas Power & Light Company against appellee Betty (Minyard) Stein, for the enlargement of a pre-existing easement upon a Denton County farm owned by her. Texas Power & Light Company was awarded the enlarged easement by special commissioners in 1967. Stein, who was awarded $2,000.00 by the commissioners in compensation for the enlarged easement, appealed this award to the County Court at Law of Denton County in cause number 6189. Her appeal was dismissed in 1979 by Judge J. Ray Martin, presiding judge of the County Court at Law of Denton County, on a finding that almost twelve years had passed since Stein had filed her objections to the award of the special commissioners and had withdrawn her $2,000.00. This judgment was affirmed by this court in the case of *Stein v. Texas Power & Light Co.,* 619 S.W.2d 39 (Tex.Civ.App.—Fort Worth, 1981, writ ref'd n.r.e.).

Dissatisfied with the adverse outcome of this litigation, and the holding of this court in *Stein v. Texas Power & Light Co., supra,* Stein then filed in the 211th District Court of Denton County a petition for bill of review of the 1979 County Court at Law dismissal of her appeal of the commissioners' award. In reality, although it is extremely difficult to read the long, rambling and vituperative pro se bill of review, she, in such pleading, is simply seeking to relitigate cause number 6189 in the County Court at Law. This cause of action, number 82–2712–C in the 211th District Court of Denton County was upon motion of the defendants, dismissed by the court for lack of jurisdiction.

Undeterred, Stein then brought this action, as cause number 82–4200–B, in the 158th District Court of Denton County as a bill of review seeking the identical relief she sought in her first bill of review filed as cause number 82–2712–C in the 211th District Court. This cause of action, filed in the 158th District Court, and which is the subject of this appeal, shows on its face that it was a "refiling" of cause number 82–2712–B and a "companion" case to number 6189, in the County Court at Law, which was her original condemnation case.

In this case, cause number 82–4200–B, now the subject of this appeal, she also sought a temporary injunction against Judge J. Ray Martin in Denton County from foreclosing on her Denton County farm to satisfy $2,272.50 in court costs taxed against her in cause number 6189 in the County Court at Law against Texas Power & Light Company.

Judge Martin once again filed a plea challenging the jurisdiction of the District Court to hear this bill of review on the grounds of collateral estoppel, res judicata and also on the basis of a complete lack of jurisdiction of the District Court to entertain a bill of review seeking to set aside and vacate a judgment of the County Court at Law.

A visiting judge was assigned by the presiding judge of the Eighth Administrative District to hear this action. Although the order of assignment for this visiting judge provided that the assignment should continue until the court could "pass on motions for new trial and all other motions or matters" before the court at that time, the visiting judge failed and refused to consider Judge Martin's motion to dismiss based on lack of jurisdiction of the court. He confined his hearing and ruling to the matter of the temporary injunction sought by Mrs. Stein against Judge Martin and Denton County. The trial court held that all matters except for the request for temporary injunction were outside the scope of his consideration at that time. After an informal discussion with the parties, and without

taking any sworn testimony on the injunction matter, the trial court enjoined Judge Martin and Denton County from collecting the $2,272.50 court costs. His injunction was to be effective until all other matters could be taken up on a hearing on Stein's motion for a bill of review.

Judge Martin appeals from the granting of the temporary injunction and from the failure and refusal of the trial court to dismiss appellee's bill of review.

We reverse and render the judgment of the trial court, order the temporary injunction dissolved, and the cause which is the subject of this appeal dismissed.

The undated order of temporary injunction, in violation of Tex.R.Civ.P. 683, gave no reasons whatever for the issuance of such injunction, the order merely stating that:

It is accordingly ordered, adjudged and decreed that the clerk of this Court issue a writ of Injunction enjoining Denton County or its agents or employees from foreclosing upon plaintiff's property in Denton County, Texas to satisfy costs of court pending final hearing and determination of this cause. It is further ordered that said temporary injunction be effective until plaintiff's Bill of Review is heard and determined.

■ We think it is obvious that the temporary injunction granted in this case by the visiting judge was null and void on its face because of the failure to state any reasons for the granting, and also because it was not based on any sworn testimony of any party or any other witness.

■ Moreover, it is our opinion that the issuance of the temporary injunction in this case is erroneous because it was a collateral attack seeking to enjoin the enforcement of a judgment. There is considerable authority supporting the proposition that a suit brought for the sole purpose of enjoining the enforcement of a judgment, and that does not in any way seek its construction or impairment as a valid adjudication, should be regarded as a collateral attack, and that an injunction should issue only in the event that the judgment is void on its face or on the face of the record. When the injunction is sought to restrain execution of the judgment of one court by proceeding in another, the attack is collateral. 34 Tex. Jur.2d § 295 (1962); *Scott v. Graham,* 156 Tex. 97, 292 S.W.2d 324 (1956) reh. denied.

■ It is fundamental that no injunction shall be issued by a court unless evidence is heard, and the one seeking the injunction must plead facts which would entitle him to injunctive relief and offer evidence at the hearing which would prove his probable right thereto on final hearing and of probable injury in the interim. *Sun Oil Company v. Whitaker,* 424 S.W.2d 216 (Tex.1968). In *Pickard v. Castillo,* 550 S.W.2d 107 (Tex.Civ. App.—Corpus Christi 1977, no writ). The court said:

We first consider the matter of the temporary injunction. As has been stated, plaintiffs did not introduce any evidence at the hearing, and there is no showing of any agreement between the parties as to facts. To authorize the issuance of a writ of temporary injunction, it was incumbent upon plaintiffs not only to plead facts which, if proved, would entitle them to injunctive relief, but to offer evidence at the hearing which would prove their probable right thereto on final hearing and of probable injury in the interim. . . . No such proof is found in the record before us. Proof of facts which will support the granting of a temporary injunction is not made by the affidavits that are attached to plaintiffs' petition. *'Writs of injunction should not issue on mere surmise', and 'the conduct of a 'hearing' implies that evidence will be offered.' Millwrights Local Union # 2484 v. Rust Engineering Co.,* 433 S.W.2d 683 (Tex.Sup.1968). The injunction must be dissolved. . . . [Emphasis ours.]

See also *Texas State Board of Medical Examiners v. McKinney,* 315 S.W.2d 387 (Tex.Civ.App.—Waco 1958, no writ); *Sun Oil Company v. Whitaker, supra; Upshur Rural Electric Cooperative Corp. v. Key,* 469 S.W.2d 420 (Tex.Civ.App.—Texarkana

1971, no writ); *Diesel Injection Sales & Service, Inc. v. Renfro,* 619 S.W.2d 20 (Tex. Civ.App.—Corpus Christi 1981, writ ref'd. n.r.e.).

For all of the reasons above stated, we hold that the temporary injunction in this case was erroneously granted and hereby order it dissolved.

■ We also hold that appellant Martin's motion to dismiss on grounds of res judicata and lack of jurisdiction of the District Court to entertain a bill of review pertaining to a county court at law judgment was well taken and should have been granted by the trial court. As explained above, the visiting judge was assigned to hear "motions for new trial and all other motions or matters growing out of cases tried by the assigned judge during this period." Despite the trial court's interpretation of his assignment and his refusal to rule on the motion to dismiss appellee's second bill of review, we hold that the motion to dismiss, on the grounds above stated, was good on its face and should have been granted.

■ As we have stated earlier, the bill of review which is the subject of this appeal was the second such bill of review filed by appellee Stein, to set aside and vacate the County Court at Law judgment in cause number 6189. Her first bill of review, filed as cause number 82–2712–B in the District Court of Denton County, was dismissed for lack of jurisdiction. We hold that this judgment of dismissal was res judicata with respect to her second attempt to bring a bill of review proceedings in another District Court of Denton County. We also hold that the District Courts totally lacked any jurisdiction to hear and rule on any bill of review brought for this purpose. A bill of review or a petition in the nature of a bill of review is a proceeding in equity that has for its purpose the reversal or modification of a prior judgment of the same trial court. It is not a means of appeal of a judgment of one trial court to another trial court. Nor is it a mere alternative means to an appeal or a writ of error to bring a case before an appellate court. See 22 Tex.Jur.2d §§ 28 and 29, pp. 569–571 (1961).

*See* also *Outlaw v. Noland,* 506 S.W.2d 734 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). It was held in this case that where an action in the nature of a bill of review to set aside a summary judgment was brought in a different court from that which entered the summary judgment, even though in a court with concurrent jurisdiction in the same county, that such action constituted a collateral attack on the prior judgment. The court said:

It is a traditional rule that a direct attack upon a former judgment must be brought in the same court in which the judgment was entered. A suit to set aside the former judgment of another court, even when vested with concurrent jurisdiction in the same county, has been held to constitute a collateral attack. *Empire Gas & Fuel Company v. Albright,* 126 Tex. 485, 87 S.W.2d 1092 (Tex.Sup.1935). Once jurisdiction has attached in the proper court, the cause may be transferred, in appropriate cases, to another court for trial. *South Texas Development Company v. Martwick,* 328 S.W.2d 230 (Tex.Civ.App.—Waco 1959, writ ref. n.r. e.); Rule 330, Texas Rules of Civil Procedure; see also *Boyles v. Cohen,* 230 S.W.2d 604 (Tex.Civ.App.—Galveston 1950, writ ref. n.r.e.). However, we find no showing in the record that the jurisdiction of the 165th Judicial District Court was ever invoked in the pending case. We are therefore of the opinion that appellant's action fails as a direct attack on the summary judgment rendered by the 165th Judicial District Court and constitutes, instead, a collateral attack on that judgment. *Empire Gas & Fuel Co. v. Albright,* supra. [Emphasis ours.]

The judgment of the trial court is reversed and rendered, the temporary injunction heretofore granted is ordered dissolved, and the appellee's bill of review is dismissed.