**Richard Lesley PURSLEY, Appellant,**

v.

**Kymn Roxann USSERY, Appellee.**

No. 04–95–00962–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 13, 1996.

Rehearing Overruled Dec. 12, 1996.

Robert Roy Hamilton, San Antonio, for Appellant.

Lawrence L. Garcia, Law Office of Lawrence L. Garcia, San Antonio, for Appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

GREEN, Justice.

Richard Lesley Pursley appeals from a judgment rendered in a bill of review action in which the trial court reformed a previous divorce decree and granted a portion of Pursley's retirement benefits to his former wife, Kymn Roxann Ussery. Pursley challenges the jurisdiction of the trial court to hear the bill of review. We reverse and render.

### Facts

During the marriage of the parties, Pursley was involuntarily discharged from the United States Air Force, causing him to lose his retirement benefits. Pursley appealed his discharge. Approximately five months after Pursley's discharge, he and Ussery were divorced in an action filed in the 224th District Court of Bexar County, Texas. The divorce decree awarded Pursley any retirement benefits "existing by reason of past, present or future employment."

Approximately a month after the divorce, the Air Force notified Pursley that his appeal of his involuntary discharge was successful, and he was reinstated into the Air Force with full benefits, including eligibility for military retirement benefits. Later, when Ussery learned of Pursley's reinstatement, she sought to reopen the property division in the divorce decree in light of the now available military retirement benefits of her former husband.

Ussery filed this petition for bill of review in the 57th District Court of Bexar County, Texas, requesting the court to re-partition the property of the parties and to allocate to her a portion of Pursley's military retirement benefits. Ussery alleged that she had previ-

ously failed to assert a claim for a share of the retirement benefits because she was unaware of the possibility of Pursley's reinstatement. The trial court ultimately granted Ussery's bill of review and partitioned Pursley's retirement benefits between the parties.

### Discussion

■ "A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to motion for new trial." *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex.1979). To be successful on a bill of review, a petitioner is required to "allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own." *Alexander v. Hagedorn,* 148 Tex. 565, 568, 226 S.W.2d 996, 998 (1950).

■ Pursley claims the trial court lacked jurisdiction to grant the bill of review, arguing that only the court rendering the divorce decree, or a higher court, has the power to modify the decree. Ussery responds that the trial court was authorized by statute to rule on any matters from other district courts in the same county. *See* TEX. GOV'T CODE ANN. § 74.094(a) (Vernon Pamph. 1997).[1] We agree with Pursley.

■ A bill of review, when properly brought, is a direct attack on a previous trial court's judgment. *Fender v. Moss,* 696 S.W.2d 410, 412 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). A direct attack is instituted for the purpose of correcting a presumably incorrect former judgment and may only be brought in the court rendering the judgment or in a higher court. *Austin Indep. Sch.*

1. In support of her contention, Ussery cites this court to TEX. GOV'T CODE ANN. § 75.01(b). We could find no such statute and presume Ussery actually intended to cite TEX. GOV'T CODE ANN. § 75.011(b) (Vernon 1988), which contains the language quoted in her brief. Section 75.011, however, has been repealed. Act of June 14, 1989, 71st Leg., R.S., ch. 646, § 22(2), 1989 Tex. Gen. Laws 2140. We will consider the successor statute for the purposes of Ussery's argument on appeal. *See* TEX. GOV'T CODE ANN. § 74.094(a) (Vernon Pamph.1997).

*Dist. v. Sierra Club,* 495 S.W.2d 878, 881 (Tex.1973). "The requirement that a bill of review be filed in the same court that rendered the judgment under attack is a matter of jurisdiction, not merely a matter of venue." *Solomon, Lambert, Roth & Assoc., Inc. v. Kidd,* 904 S.W.2d 896, 900 (Tex.App.—Houston [1st Dist.] 1995, no writ).

The rule requiring a bill of review to be filed in the court rendering the former judgment has been criticized as being out-of-step with the practical realities and efficiencies of contemporary practice in counties containing multiple district courts of concurrent jurisdiction. *See* 5 R. MCDONALD, TEXAS CIVIL PRACTICE § 29:7 (1992). We believe the policy considerations for the rule remain sound. Under the principles of comity, a court should not be permitted to interfere with the final judgment of another court of equal jurisdiction. Apart from the unseemliness of such conduct, the rule avoids "confusion, judge-shopping and conflicting results." *See* Gus M. Hodges, *Collateral Attacks on Judgments,* 41 TEX.L.REV. 163, 174 (1962). Although the Government Code and the rules of civil procedure authorize district judges in multiple court counties to hear matters from other courts, *see* TEX. GOV'T CODE ANN. § 74.094(a) (Vernon Pamph.1997) and TEX. R.CIV.P. 330, for the purposes of the rule requiring direct attacks to be filed in the court of judgment, the district courts are considered to be jurisdictionally separate. *Kidd,* 904 S.W.2d at 900.

Accordingly, to the extent that Ussery sought to modify the divorce decree through a bill of review, it was a direct attack, and the trial court lacked jurisdiction to rule on the merits. The only court with jurisdiction to rule on Ussery's bill of review was the 224th District Court.[2]

■ When a bill of review fails as a direct attack, it may, instead, constitute a

collateral attack. *See Outlaw v. Noland,* 506 S.W.2d 734, 735 (Tex.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). Unlike a direct attack, a collateral attack does not attempt to secure a corrected judgment; rather, it is an attempt to avoid the effect of the former judgment. *Kidd,* 904 S.W.2d at 900. A collateral attack is successful only if it is shown that the former judgment is void. *See Austin Indep. Sch. Dist.,* 495 S.W.2d at 881; *Martin v. Stein,* 649 S.W.2d 342, 345 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.).

■ Ussery's bill of review, filed in the wrong court, for jurisdictional purposes will be considered a collateral attack on the decree. *See Outlaw,* 506 S.W.2d at 735. But even when viewed as a collateral attack it fails. The jurisdiction of a trial court to review another court's judgment on collateral attack is limited to examining the validity of the other judgment. *See Kidd,* 904 S.W.2d at 900–01. In this instance, however, Ussery made no claim that the divorce decree was void, and the trial court made no such finding. Therefore, to the extent the judgment awarded relief beyond what the trial court was legally authorized to award, it was erroneous.

### Conclusion

The trial court lacked jurisdiction to render a judgment on the bill of review filed by Ussery because it was not the same court that rendered the divorce decree. But when considering Ussery's petition to be a collateral attack on the decree, the trial court had jurisdiction to render a judgment on that collateral attack. Therefore, because the trial court had jurisdiction to act, but acted erroneously, the appropriate disposition is to reverse the judgment rather than to dismiss.

Accordingly, the judgment is reversed and a take-nothing judgment is rendered in favor

---

**2.** In a centralized, rotating docket system it would not be uncommon for a bill of review to be filed in the wrong court. Although in those circumstances the court lacks jurisdiction to rule on the merits of the bill of review, the court may administratively transfer the case to the appro-

priate court in accordance with pertinent provisions of the Government Code and the rules of procedure. *See, e.g.,* TEX. GOV'T CODE ANN. §§ 74.094 (district courts), 74.121 (county courts) (Vernon 1988 and Pamph.1997); TEX. R.CIV.P. 330.

of Pursley.[3]

3. Although we deem this disposition to be appropriate, it has little practical effect other than to set aside the trial court's judgment. If Ussery files another bill of review in the proper court, there should be no res judicata effect because the merits of the bill of review have not been addressed in this case. And while the putative collateral attack on the divorce decree has been rejected, this result should also have no preclu-

sive effect on any future attack on the validity of the decree. In saying this, we do not mean to suggest that the decree is infirm in any manner— no opinion is expressed in that regard. We merely point out that a void judgment may be attacked at any time. Our judgment in this appeal should not be construed to limit Ussery's ability to attack the decree for voidness should grounds exist for such an allegation.