**In re NATIONAL UNITY INSURANCE COMPANY.**

No. 04–97–00318–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 18, 1998.

Brian L. Blakeley, Marie K. Miller, Brian L. Blakeley & Associates, P.C., San Antonio, for Appellant.

James V. Mazuca, Law Offices of James V. Mazuca, San Antonio, Bret L. Walton, Frank Rivas & Associates, San Antonio, for Appellee.

Before GREEN, DUNCAN and ANGELINI, JJ.

## OPINION

GREEN, Justice.

National Unity Insurance Company ("National Unity") seeks to set aside the trial court's order granting Narciso Gallegos ("Gallegos") relief on his petition for equitable bill of review and reinstating his suit against National Unity. For the reasons stated below, we conditionally grant National Unity's petition for writ of mandamus and order the trial court to withdraw its order and to deny the bill of review.

### PROCEDURAL AND FACTUAL HISTORY

Gallegos sued State Farm Mutual Automobile Insurance Company and National Unity in County Court at Law No. 5 of Bexar County, claiming uninsured motorist benefits. Later, Gallegos entered into a settlement agreement with State Farm, but did not settle with National Unity. Pursuant to the settlement, State Farm drafted a take-nothing judgment; however, the judgment mistakenly favored both insurance company defendants. The proposed judgment was circulated and approved by the attorneys for both insurance companies and for Gallegos, and was signed by Judge Shay Gebhardt without a hearing on March 25, 1996. Because it disposed of all defendants, the judgment was final for appeal purposes.

Apparently not realizing the effect of the judgment, Gallegos and National Unity continued discovery in the case and explored the possibility of mediation. However, after more than thirty days had passed from the date of judgment, National Unity's attorney called off the pending mediation of the case, citing the final judgment. Gallegos promptly filed a motion to correct the judgment; and, on May 9, 1996, Judge Tim Johnson signed a judgment nunc pro tunc, which purported to correct the March 25 judgment to reflect a take-nothing judgment as to State Farm only. The judgment nunc pro tunc was later vacated in accordance with an opinion of this court which held the trial court lacked jurisdiction to correct the March 25 judgment

after its plenary power had expired. *See* *National Unity Ins. Co. v. Johnson*, 926 S.W.2d 818 (Tex.App.—San Antonio 1996, orig. proceeding).

Gallegos then filed a petition for equitable bill of review in another attempt to set aside the take-nothing judgment favoring National Unity. After a hearing on the merits of the bill of review in Judge Paul Canales' court, Judge Canales granted the petition, by an order dated March 27, 1997, and Gallegos' suit against National Unity was again reinstated. National Unity now seeks mandamus relief from the order granting the bill of review.

### STANDARD OF REVIEW

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, or in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). An erroneously granted bill of review is effectively a void order granting a new trial and is an abuse of discretion that affords no adequate remedy at law. *See* *Thursby v. Stovall*, 647 S.W.2d 953 (Tex. 1983) (per curiam). Under these circumstances, mandamus is the appropriate remedy. *Id.*

### DISCUSSION

National Unity first claims the trial court lacked jurisdiction to grant the bill of review because the petition was filed and decided in a court other than the one that rendered the prior judgment. Next, National Unity argues that even if the court properly presided over the bill of review hearing, Gallegos failed to allege and prove he was entitled to prevail on the merits.

## 1. Jurisdiction

■ A bill of review is a direct attack[1] on a prior judgment; consequently, the petition must be brought in the same court that rendered the prior judgment. *Pursley v. Ussery*, 937 S.W.2d 566, 568 (Tex.App.—San Antonio 1996, no writ); *Solomon, Lambert, Roth & Assoc., Inc. v. Kidd*, 904 S.W.2d 896, 900 (Tex.App.—Houston [1st Dist.] 1995, no writ). This requirement is jurisdictional, and applies whether or not the prior judgment was rendered in a county containing multiple courts of concurrent jurisdiction. *Pursley*, 937 S.W.2d at 568.

■ While it is undisputed that the suit resulting in the contested March 25, 1996 judgment was filed and decided in County Court No. 5, the record is ambiguous whether Gallegos' bill of review was properly filed in that court. Neither party contested the court's authority to act, or requested findings of fact and conclusions of law on the matter, and the court's findings and conclusions fail to address the issue.

Evidence that the bill of review was properly filed in County Court No. 5 includes Gallegos' claim that he intended to file the bill of review in County Court No. 5, and the fact that the original petition, as tendered for filing, bears that designation. In contrast, the record also shows that the court designation on the original petition was struck through by hand and was changed to County Court No. 3. But it is unknown from the record who made that change or whether the change effected an official reassignment of the case to County Court No. 3. Also, subsequent pleadings filed by Gallegos were captioned for County Court No. 3, including the March 27, 1997 order granting the bill of review, which was presumably prepared by Gallegos as the prevailing party.

■ The conflicting evidence in the record thus appears to leave unresolved the question of the jurisdiction of the trial court to render the March 27, 1997 order. But because there are no findings of fact and conclusions of law on this jurisdictional issue, we

will presume the trial court implicitly resolved the factual discrepancies in favor of its jurisdiction. *See Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex.1988) (holding that in the absence of findings of fact and conclusions of law, "the trial court is presumed to have made all the necessary findings to support the judgment"). When evidence is reasonably yielding of opposing interpretations on the existence of jurisdiction, the courts are obliged to find in favor of jurisdiction. *Cf. Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997). Inasmuch as there was some evidence to support a finding of jurisdiction, we hold the trial court had authority to act on Gallegos's petition for bill of review.

## 2. The Merits of the Bill of Review

■ A bill of review is an equitable proceeding designed to prevent manifest injustice and is used to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Transworld Financial Services Corp. v. Briscoe*, 722 S.W.2d 407, 408 (Tex.1987). In light of the overriding public interest in the finality of judgments, a bill of review may be obtained only on narrow grounds and not in the wake of apparent injustice. See *id.* at 407–08. To succeed in setting aside a final judgment, a petitioner must allege and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. *Alexander v. Hagedorn*, 148 Tex. 565, 568, 226 S.W.2d 996, 998 (1950). A litigant who permits an erroneous judgment to become final by failing to pursue an available appeal is not entitled to relief by bill of review. *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex.1980) (citing *French v. Brown*, 424 S.W.2d 893, 895 (Tex.1967)).

■ National Unity argues that Gallegos has not met the burden required of a bill of review petitioner. We agree because Gallegos failed as a matter of law to demonstrate he was without fault or negligence in the

---

1. "A direct attack is instituted for the purpose of correcting a presumably incorrect former judgment and may only be brought in the court rendering the judgment or in a higher court." *Pursley v. Ussery*, 937 S.W.2d 566, 567 (Tex. App.—San Antonio 1996, no writ).

entry of the erroneous judgment. The record shows that Gallegos' attorney, or those acting on his behalf, twice reviewed the erroneous judgment—once for approval before it was sent to the court, and again after the court entered it. A careful review of the judgment on either of those occasions would have revealed the drafting error that resulted in the dismissal of National Unity. That the error was not timely discovered is negligence attributable to Gallegos, thereby thwarting his success in this bill of review. *See Gracey v. West,* 422 S.W.2d 913, 918–919 (Tex.1968) (imputing the negligence of petitioner's attorney to petitioner).

### CONCLUSION

Because Gallegos failed as a matter of law to prove that the judgment dismissing National Unity from the underlying lawsuit was not in part a result of any fault or negligence of his own, the trial court erred in granting the bill of review. Accordingly, the writ of mandamus is conditionally granted. Judge Canales is ordered to (1) withdraw his March 27, 1997 order granting Gallegos' bill of review and (2) deny the bill of review. The writ will issue only if Judge Canales fails to comply.

DUNCAN, J., concurring in the judgment only.