No. 04-99-00309-CV



Fred DUVALL,


Appellant



v.



C.F. EVETTS and Pat Evetts d/b/a Windrush Kennels, Janice Maloney, and Raul Rios,


Appellees



From the 79th Judicial District Court, Jim Wells County, Texas


Trial Court No. 94-05-32641-CV


Honorable Robert F. Barnes, Judge Presiding



Opinion by: Tom Rickhoff, Justice 


Sitting: Tom Rickhoff, Justice 

 Catherine Stone, Justice 

 Paul W. Green, Justice 


Delivered and Filed: March 31, 2000


AFFIRMED


 Fred DuVall appeals from a summary judgment granted in favor of C.F. and Pat Evetts, d/b/a
Windrush Kennels, and two of their attorneys, Janice Maloney and Raul Rios. We affirm.

Factual and Procedural Background


 In 1991, DuVall filed a DTPA suit against Pat Evetts, d/b/a Windrush Kennels, alleging that:
he had paid $475 for two puppies; one of the puppies, Casanova, had undescended testicles and an
overbite and had not been taught his name or basic commands; and the other puppy, Tuffy, was never
delivered. C.F. Evetts was subsequently added as a defendant. In November 1993, the trial court
rendered judgment in favor of DuVall. 

 The Evetts subsequently filed a petition for bill of review, alleging that: they and DuVall
entered into a settlement agreement in 1992, pursuant to which the Evetts would pay DuVall $500
and DuVall would release them from liability; DuVall cashed a $500 cashier's check they sent him;
months later, a court officer requested that their counsel file a motion for nonsuit since the case had
been settled; counsel forwarded the motion for nonsuit, which was granted by the trial court on
October 26, 1993; unbeknownst to the Evetts or their counsel, the trial court called the case for trial
on October 27, 1993, and subsequently signed a judgment in favor of DuVall, also unbeknownst to
them; and they did not learn of the judgment until the time for appealing and filing post-trial motions
had expired. DuVall answered and filed a counterclaim against the Evetts' attorneys, Janice Maloney
and Raul Rios, asserting that they acted improperly regarding the nonsuit. 

 The trial court set aside the nonsuit and the judgment in favor of DuVall and later granted
summary judgment in favor of the Evetts and their attorneys. DuVall now appeals. 

Discussion


Jurisdiction and Venue 

 In his first and eleventh questions presented, DuVall argues that venue was improper in the
79th Judicial District Court of Jim Wells County. He requested that venue be transferred to Hidalgo
County. Only the court that rendered the judgment under attack has jurisdiction over a bill of review
proceeding. See Pursley v. Ussery, 937 S.W.2d 566, 568 (Tex. App.-San Antonio 1996, no writ).
It is undisputed that the 79th Judicial District Court of Jim Wells County rendered the judgment in
the DTPA action. Therefore, it would have been improper to transfer venue to Hidalgo County
because no court in that county would have had jurisdiction. 

 In his sixth question presented, DuVall argues that the trial court erred in refusing to consider
his argument that the court lacked venue, and thus jurisdiction, at the summary judgment hearing.
As we just noted, the 79th Judicial District Court was the only court with jurisdiction over this bill
of review proceeding. Therefore, we find no reversible error in the court's refusal to consider the
venue and jurisdiction issues at the summary judgment hearing.

 Recusal

 In his second and third questions presented, DuVall argues that a judge who had recused
himself continued to preside over the case. The motion for recusal in the record seeks the recusal of
the presiding judge. The presiding judge of the 79th Judicial District Court is Terry A. Canales.
There is nothing in the record to reflect that Judge Canales continued to preside over this case after
the motion for recusal was filed. We therefore overrule DuVall's arguments regarding recusal.

Consolidation

 In his second, third, and fourth questions presented, DuVall argues that the trial court erred
by consolidating the bill of review proceeding with the DTPA action. It is proper to consider a bill
of review and the merits of the underlying case in a single proceeding. See McEwen v. Harrison, 162
Tex. 125, 131, 345 S.W.2d 706, 710 (1961). In this case, the record reflects that the trial court first
considered the bill of review and set aside the prior judgment, then, several years later, considered
the merits of the DTPA action on summary judgment. We find no error. 



Common-Law Defenses

 In his second and fourth questions presented, DuVall argues that the trial court erred in
granting the bill of review because the DTPA did away with common-law defenses. A bill of review
is not a defense; rather, it is an independent equitable action that seeks to set aside a judgment in a
former action. See Pursley, 937 S.W.2d at 567. 

 DuVall also argues that the DTPA abrogated the common-law defenses of estoppel,
ratification, and waiver. In their motion for summary judgment, the appellees argued that because
DuVall retained the settlement funds, DuVall was estopped from denying the validity of the
settlement agreement, ratified the settlement agreement, and waived his right to continue the DTPA
action. DuVall's apparent point is that the appellees were not entitled to summary judgment on these
grounds. The DTPA does not preclude parties from settling a DTPA action. Indeed, the DTPA
encourages settlements. See Tex. Bus. & Com. Code Ann. § 17.5052 (Vernon Supp. 1999); Hines
v. Hash, 843 S.W.2d 464, 468 (Tex. 1992). The appellees' estoppel, ratification, and waiver theories
all related to the settlement agreement. Therefore, the trial court did not err in granting summary
judgment on these grounds. 

Plenary Power

 In his fifth and fourteenth questions presented, DuVall argues that the trial court lacked
plenary power to grant the petition for bill of review and to subsequently render summary judgment.
A petition for bill of review is the proper method for attacking a judgment after the trial court's
plenary power has expired. See Tex. R. Civ. P. 329b(f); Pursley, 937 S.W.2d at 567. The purpose
of a bill of review is to correct a former judgment. See Pursley, 937 S.W.2d at 567. Therefore, in
a bill of review proceeding, it is proper to litigate the merits of the judgment being attacked, and it
was within the trial court's power to render a summary judgment in favor of the appellees. 

Requirements for a Bill of Review

 In his fifth question presented, DuVall argues that the trial court erred at the summary
judgment hearing by refusing to consider his argument that the appellees had not satisfied the
requirements for a bill of review. The bill of review was granted and the prior judgment was set aside
on June 8, 1995. The summary judgment hearing was held on April 14, 1999. We find no error in
the trial court's refusal to reconsider issues related to the bill of review at that late date.

Attorneys' Authority

 In his seventh and eighth questions presented, DuVall argues that the trial court erred by
refusing to rule on his motion to require the Evetts' attorneys to show authority. The only motion
to show authority in the record is not sworn and is not directed at the authority of the attorney who
represented the appellees at the motion for summary judgment. See Tex. R. Civ. P. 12. Therefore,
we find no reversible error.

Rule 11

 In his ninth question presented, DuVall argues that the settlement agreement relied upon by
the Evetts does not satisfy Tex. R. Civ. P. 11. The agreement is set out in letters, signed by DuVall,
which state the agreement's essential terms and which were attached to the summary judgment
motion. This satisfies Rule 11. See Padilla v. LaFrance, 907 S.W.2d 454, 460-61 (Tex. 1995). 

Right to Jury Trial

 In his tenth question presented, DuVall argues that the trial court erred by denying him a jury
trial even though he had paid the jury fee. In the absence of controverted material issues, the granting
of summary judgment does not violate the right to trial by jury. See Carrabba v. Employer's Cas.
Co., 742 S.W.2d 709, 716-17 (Tex. App.-Houston [14th Dist.] 1987, no writ). 

Existence of Settlement Agreement

 In his tenth question presented, DuVall argues that there is a fact question regarding the
existence of a settlement agreement. The appellees attached to their motion for summary judgment
letters signed by DuVall, stating the material terms of the settlement agreement; an affidavit by Pat
Evetts, stating the terms of the settlement agreement; and a copy of a $500 cashier's check that was
negotiated by DuVall. DuVall did not present any controverting evidence, nor did he make any
written objections to the appellees' summary judgment proof. See Tex. R. Civ. P. 166a(c),(f); El
Paso Assocs. v. J.R. Thurman & Co., 786 S.W.2d 17, 19 (Tex. App.-El Paso 1990, no writ). The
trial court did not err in concluding that a settlement agreement existed.

Summary Judgment for the Evetts' Attorneys

 In his tenth and twelfth questions presented, DuVall argues the trial court erred in granting
summary judgment for the Evetts' attorneys because his claim against them was properly brought as
a DTPA action. The attorneys moved for summary judgment on the ground that DuVall's cause of
action against them was predicated on his claim that he did not settle his suit with the Evetts. They
asserted that if DuVall and the Evetts entered into a settlement agreement, their actions were proper.
DuVall's argument on appeal does not address the grounds in the attorneys' motion. Accordingly,
we find no reversible error. See Malooly Bros. Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).
We also note that DuVall was not in a consumer relationship with the Evetts' attorneys. See Tex.
Bus. & Com. Code Ann. § 17.45(4) (Vernon 1999) (defining "consumer"). 



Settlement Negotiations

 In his thirteenth question presented, DuVall argues that the trial court erred by requiring the
parties to attempt to negotiate a settlement and by "moderating" the settlement discussions. There
is nothing in the record to reflect that this occurred. DuVall also argues that the trial court violated
Tex. R. Evid. 408 by considering the settlement negotiations in granting the summary judgment. We
believe DuVall misunderstands the trial court's ruling on the motion for summary judgment. The
summary judgment was based on the settlement entered into in 1992, before the judgment in the
underlying case was entered. It was not based on settlement negotiations that occurred during the
bill of review proceedings. Rule 408 prohibits considering settlement negotiations in determining
liability; it does not forbid a court from enforcing a settlement agreement. We find no error.

Conclusion


 Finding no reversible error, we affirm the judgment of the trial court.


 Tom Rickhoff, Justice 

DO NOT PUBLISH