NUMBER
13-06-092-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

____________________________________________________________

 

IN RE SAM T. HAHS,                                                                            Relator.

____________________________________________________________

 

                         On
Relator=s Petition for Writ of Mandamus 

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                                Memorandum
Opinion[1]
Per Curiam 

 








On March 3, 2006, relator, Sam T. Hahs, filed a
petition for writ of mandamus with this Court in which he alleges that on
February 3, 2006, respondent, the Honorable Janet Leal, Presiding Judge of the
County Court at Law No. 1 of Cameron County, Texas, abused her discretion by
denying relator=s motion to dismiss. 
Relator=s petition for writ of mandamus asks this Court to
order the respondent to vacate her order dated February 3, 2006, and to issue
an order granting relator=s motion to dismiss with costs taxed against real
party in interest, Nancy Lee Childs Valliere. 


On March 3, 2006, this Court issued an order
requesting any response from the real party in interest to be filed in this
Court on or before March 17, 2006.  On
March 17, 2006, real party in interest complied with the order and filed a
response to the mandamus.  On March 20,
2006, the relator filed a reply to the real party in interest=s response.

In addition to the petition for writ of mandamus,
relator filed a motion for emergency relief on April 6, 2006,  asking this Court to order a stay of the
proceedings in the trial court.  Real
party in interest filed a response to the motion for emergency relief on April
7, 2006.  That same day, the Court
granted relator=s request for emergency relief and ordered all
proceedings in cause no. 03-CPC-256-A stayed until further order of this
Court.  

We now address the merits of the petition for writ
of mandamus.  The last will and testament
of James B. Childs was admitted to probate as a muniment of title on September
2, 2003.  On February 26, 2004, a will
contest was filed in the same court in the same cause number.  Relator filed a motion to dismiss the will
contest on the grounds that the trial court lacked jurisdiction.  Relying on In re Estate of Kurtz, 54
S.W.3d 353 (Tex. App.BWaco 2001, no pet.), relator argued that because the
court=s order admitting the will to probate became final
on October 2, 2003, the trial court=s jurisdiction over the case terminated on that
date.  The trial court denied the motion to
dismiss and this original proceeding ensued. 
Relator requests that we direct respondent to vacate her order denying
dismissal of the case and issue an order granting relator=s motion to dismiss, or alternatively, that this
Court dismiss the will contest case.








We deny relator=s requested relief. 
We note there is authority supporting the proposition that the will
contest was correctly filed in the county court, even under the same cause
number.  First, an action to undo an
incorrect former judgment must be brought in the court rendering the judgment
or in a higher court.  Garza v.
Rodriguez, 18 S.W.3d 694, 699 (Tex. App.BSan
Antonio 2000, pet. denied); Pursley v. Ussery, 937 S.W.2d 566, 568
(Tex.  App.BSan
Antonio 1996, no writ).  That is because
a court is not permitted to interfere with the final judgment of another court
of equal jurisdiction.  Garcia, 18
S.W.3d at 699; Pursley, 937 S.W.2d at 567.  

Second, section 93 of the probate code permits an
interested party to contest, by the institution of suit, a will admitted to
probate.  Crawford v. Williams,
797 S.W.2d 184, 186 (Tex. App.BCorpus Christi 1990, writ denied).  A section 93 attack on a probate decree is a
direct attack upon the order admitting the will to probate.  Id.; Estate of Devitt, 758
S.W.2d 601, 606 (Tex. App.BAmarillo 1988, writ denied).  Because a probate decree is voidable and
subject to attack, a section 93 direct attack is part of the original
probate proceeding.  Crawford,
797 S.W.2d at 186; Devitt, 758 S.W.2d at 606.

Based on the foregoing, we conclude the trial court
acted within its discretion in exercising jurisdiction over the will contest at
issue.  

The Court, having examined and fully considered
relator=s petition for writ of mandamus and the response
thereto, is of the opinion that relator has not shown himself entitled to the
relief sought.  Accordingly, we lift the
stay which this Court previously granted and deny the petition for writ of
mandamus.  See Tex. R. App. P. 52.8. 

 

PER CURIAM

 

Memorandum
Opinion delivered and filed

this
2nd day of May, 2006.

 











[1]  See Tex. R. App. P. 52.8(d) (AWhen
denying relief, the court may hand down an opinion but is not required to do
so.@); Tex. R. App. P. 47.4 (distinguishing
opinions and memorandum opinions).