Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00562-CV

**IN RE** Leticia Lamar **BOTELLO**

Original Mandamus Proceeding[1]

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
        Sandee Bryan Marion, Justice
        Steven C. Hilbig, Justice

Delivered and filed:  November 26, 2008

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator Leticia Lamar Botello obtained a $45,000.00 default judgment against real party in interest Camelia  R. Saenz. A year and a half later, Saenz sought to set aside the default judgment by filing a petition for a bill of review in the trial court. The trial court granted the petition for a bill of review and set aside the default judgment, but did not dispose of Botello's case on the merits.

Now, in a mandamus petition filed in this court, Botello seeks to have the order granting bill of review vacated, thereby restoring the default judgment in her favor. Botello argues the bill of review order is an abuse of discretion because, among other things, Saenz failed to prove her own lack of fault or negligence with respect to the default judgment against her. We asked Saenz to

---

[1]This proceeding arises out of Cause No. 2006-CVQ-001580-C1, styled *Camelia R. Saenz and New Image Cosmetology Institute v. Leticia Lamar Botello*, pending in the County Court at Law No. 1, Webb County, Texas, the Honorable Alvino  J. Morales presiding.

respond to Botello's mandamus petition, but no response was filed. Because we conclude the trial court abused its discretion in granting the bill of review, and Botello has no adequate remedy by appeal, we conditionally grant mandamus relief.

## MANDAMUS STANDARD OF REVIEW

Mandamus relief is available only when the trial court abused its discretion and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 839-42 (Tex. 1992). In determining whether there has been an abuse of discretion justifying mandamus relief, we consider whether the trial court's ruling was one compelled by the facts and circumstances, or was arbitrary, unreasonable, or reached without reference to any guiding rules or principles. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

"A bill of review which sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable." *See Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995). Under these circumstances, "[a]n erroneously granted bill of review is effectively a void order granting a new trial and is an abuse of discretion that affords no adequate remedy at law." *In re Nat'l Unity Ins. Co.*, 963 S.W.2d 876, 877 (Tex. App.—San Antonio 1998, orig. proceeding) (an interlocutory order granting bill of review is reviewable by mandamus); *contra In re Moreno*, 4 S.W.3d 278, 280-81 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) (an interlocutory order granting bill of review is not reviewable by mandamus because a relator has an adequate remedy by appeal of the eventual final judgment).

## NO ADEQUATE REMEDY BY APPEAL

Here, the order granting bill of review does not dispose of Botello's case on the merits. Because the order granting bill of review is interlocutory and unappealable, Botello does not have

an adequate remedy by appeal. *See Nat'l Unity*, 963 S.W.2d at 879 (conditionally granting mandamus relief to vacate an erroneous, interlocutory order granting bill of review). We next analyze whether the trial court abused its discretion in granting the bill of review petition.

## BILL OF REVIEW REQUIREMENTS

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by motion for new trial or appeal. *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). Generally, to prevail, a bill of review plaintiff must plead and prove: (1) a meritorious defense to the cause of action upon which the judgment is based, (2) which he or she was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on his or her own part. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004); *Baker v. Goldsmith*, 582 S.W.2d 404, 406-07 (Tex. 1979). However, when an issue of non-service is raised, the bill of review plaintiff must plead and prove only that "he or she was never served with process." *Caldwell*, 154 S.W.3d at 97. "Proof of non-service . . . will conclusively establish the third and only element that bill of review plaintiffs are required to prove when they are asserting lack of service of process as their only defense." *Id.*; *see also Ross v. Nat'l Center for Emp. of the Disabled*, 197 S.W.3d 795, 797-98 (Tex. 2006). The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point. *Transworld*, 722 S.W.2d at 407 (citing *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950)).

## BILL OF REVIEW PROOF

Because the bill of review requirements are streamlined when a party seeks a bill of review on the ground of non-service, we must determine the grounds upon which Saenz sought bill of review relief.

In her bill of review petition, Saenz alleged she was "served with this lawsuit on September 14, 2004, and was instructed to show up to Court for the Calendar Call hearing which was set for December 1, 2004." Saenz further alleged she "was never instructed to file an answer." Saenz requested her bill of review be granted because "she was not given the right and correct information at the time of service" and she "was instructed to show up at the Calendar Call hearing set for December 1, 2004."

Despite the meager allegations in Saenz's bill of review petition, we can discern two grounds for bill of review relief from the trial record. First, Saenz argued she was not properly served because the service papers did not include a copy of the citation, which would have informed her to file an answer. Second, Saenz argued even if she was served with the citation, including a notice of setting in her service papers amounted to an official mistake. This notice of setting stated the case was set for "dispositional calendar" on "December 1, 2004 at 8:30 a.m." The trial court did not specify the ground upon which its order granting bill of review was based.

We first address Saenz's contention that she was not served with the citation. *See* TEX. R. CIV. P. 99. A valid service return, signed and sworn to by the process server, was filed with the trial court clerk in Botello's lawsuit. This service return shows Saenz was served with "a true copy of this citation together with the accompanying copy of the petition" on September 14, 2004. At trial, Saenz admitted she was served with Botello's petition, but claimed she was not served with the citation. The only proof Saenz offered on this issue was her own testimony, which was contradictory. Saenz testified both that she had been served with the citation and that she had not been served with the citation. Saenz did not offer proof of any facts and circumstances to corroborate her assertion that she was not served with the citation.

The recitals in a return of service are prima facie evidence a litigant was properly served with citation. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Min v. Avila*, 991 S.W.2d 495, 500-01 (Tex. App.—Houston [1st Dist.] 1999, no pet.). To defeat the recitals in a return of service, a litigant must do more than simply deny service; a litigant is required to corroborate the denial of service with evidence of supporting facts and circumstances. *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972); *Avila*, 991 S.W.2d at 501.

Here, the recitals in the return of service were prima facie evidence that Saenz was properly served with the citation. Even if the trial court believed only the portion of Saenz's testimony in which she said she did not receive the citation, Saenz's mere denial was not enough to defeat the prima facie evidence of proper service of citation as reflected in the return of service. *See Primate*, 884 S.W.2d at 152; *Ward*, 488 S.W.2d at 738. We, therefore, conclude the trial court could not have granted the bill of review on the ground of non-service.

We next address Saenz's contention that including the notice of setting in her service papers was an official mistake. At trial, Saenz essentially argued the notice of setting confused her. To prevail on this ground, Saenz had to establish all three traditional bill of review requirements: (1) a meritorious defense to Botello's cause of action, (2) which she was prevented from making by official mistake, (3) unmixed with any fault or negligence on her own part. *See Ross*, 197 S.W.3d at 798; *Caldwell*, 154 S.W.3d at 96.

In her mandamus petition, Botello argues Saenz failed to establish the second and third bill of review requirements. We agree.

As to the second requirement, Saenz failed to establish an official mistake. An official mistake occurs when a court officer, such as the trial court clerk, actively gives misinformation to a party, and the misinformation prevents the party from exercising his or her legal rights. *See Hanks v. Rosser*, 378

S.W.2d 31, 35 (Tex. 1964) (defendant was misinformed by trial court clerk that no default judgment had been taken, resulting in the filing an original answer rather than a motion for new trial or an appeal). Here, the notice of setting simply stated the case was set for the trial court's dispositional calendar. The notice of setting did not actively give Saenz misinformation which prevented her from filing an answer in accordance with the instructions in the citation.

As to the third requirement, Saenz failed to establish her own lack of fault or negligence in allowing the default judgment to be taken against her. *See Jarrett v. Northcutt*, 592 S.W.2d 930, 930-31 (Tex. 1979). A lack of fault or negligence in allowing a default judgment to be taken encompasses not only whether the bill of review plaintiff was negligent in allowing the trial court to render a default judgment against her, but also whether the bill of review plaintiff exercised due diligence in pursuing all legal remedies against the default judgment. *Winrock Houston Assoc. Ltd. P'shp v. Bergstrom*, 879 S.W.2d 144, 149 (Tex. App.—Houston [14th Dist.] 1994, no writ). A lack of fault or negligence includes making reasonable inquiries regarding pending litigation. *See Melton v. Ryander*, 727 S.W.2d 299, 302 (Tex. App.—Dallas 1987, writ ref'd n.r.e.); *Conrad v. Orellana*, 661 S.W.2d 309, 313 (Tex. App.—Corpus Christi 1983, no writ).

Ordinarily, a party must exercise due diligence to pursue all legal remedies against a former judgment before filing a bill of review. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998); *Magan v. Hughes Television Network, Inc.*, 727 S.W.2d 104, 105 (Tex. App.—San Antonio 1987, no writ). If legal remedies were available but ignored by a bill of review plaintiff, relief by equitable bill of review is not available. *Nguyen* v. *Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.). This applies even if the failure to pursue all legal remedies results from the negligence or mistake of a party's attorney. *Gracey v. West*, 422 S.W.2d 913, 916 (Tex. 1968);

*Thompson v. Henderson*, 45 S.W.3d 283, 288 (Tex. App.—Dallas 2001, pet. denied). Traditionally, the inquiry used to determine if a party has been diligent is whether he and his counsel used such care as prudent and careful men would ordinarily use in their own cases of equal importance. *In the Interest of A.L.H.C.*, 49 S.W.3d 911, 916 (Tex. App.—Dallas 2001, pet. denied).

As previously discussed, it was established at the bill of review trial that Saenz was properly served with the citation, and this citation informed her of the need to file a timely answer to prevent a default judgment being taken against her. Nevertheless, Saenz did not file an answer.

Additionally, at the bill of review trial Saenz testified she appeared in court on December 1, 2004, for the "dispositional calendar" setting, but the case was not heard on this day. Without elaborating on the details, Saenz testified she learned the setting had been cancelled and a default judgment had been taken against her. However, the record shows the default judgment was not signed until January 5, 2005. Apparently, the trial court had held a hearing on October 22, 2004, and orally granted a default judgment against Saenz, but the default judgment was not signed until months later.

Saenz also testified she hired an attorney, and she relied on her attorney to assist her in setting aside the default judgment. Saenz testified both that she hired her attorney right after December 1, 2004, and that she hired her attorney on February 10, 2005. Regardless of when Saenz hired an attorney, the record shows Saenz did not file a motion for new trial until February 10, 2005, more than thirty days after the default judgment was signed. Because the motion for new trial was untimely, the trial court had no jurisdiction to grant a new trial. *See* TEX. R.CIV. P. 329b(a), (e), (f). At the bill of review trial, neither Saenz nor her attorney provided any explanation for her failure to file a timely motion for new trial, or her failure to invoke Texas Rule of Civil Procedure 306a(4) to extend the

time for filing a motion for new trial. *See* TEX. R. APP. P. 306a(4).[2] The default judgment was not appealed.

Saenz's failure to file an answer to the lawsuit and her failure to pursue all legal remedies available prior to seeking bill of review relief exemplify a lack of diligence. Because Saenz failed to establish her own lack of fault or negligence in not answering the suit and in not pursuing other available legal remedies, the trial court's order granting bill of review was arbitrary, unreasonable, and made without reference to guiding principles. We, therefore, conclude the trial court abused its discretion in granting Saenz's petition for bill of review.

### ATTORNEY'S FEES

Botello asks this court to award her reasonable and necessary attorney's fees related to this mandamus proceeding. Botello, however, does not support her request with any authority. In Texas, "the award of any attorney fee is a fact issue which must be passed upon by the trial court." *Int'l Sec. Life Ins. Co. v. Spray*, 468 S.W.2d 347, 349 (Tex. 1971); *see Pelto Oil Corp. v. CSX Oil & Gas Corp.*, 804 S.W.2d 583, 587-88 (Tex. App.—Houston [1st Dist.] 1991, writ denied). We, therefore, deny Botello's request for attorney's fees.

### CONCLUSION

Because we conclude the trial court erroneously granted Saenz's bill of review and Botello has no adequate remedy by appeal, the petition for a writ of mandamus is conditionally granted. We are confident the trial court will vacate its January 22, 2007, order granting the petition for bill of

---

[2]Texas Rule of Civil Procedure 306a(4) provides:

4. **No notice of judgment**. If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

TEX. R. CIV. P. 306a(4).

review and enter an order denying the petition for bill of review in its place. Should the trial court fail to comply, then the writ of mandamus will issue.

Karen Angelini, Justice