The CITY OF LAREDO, Appellant,

v.

Hector Ruben THREADGILL, Appellee.

No. 04–84–00336–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 20, 1985.

Anthony C. McGettrick, Laredo, for appellant.

Roger Rocha, Laredo, Amie Rodnick, Austin, for appellee.

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

OPINION

BUTTS, Justice.

Appellant, City of Laredo, appeals the denial of a bill of review. Appellee, Hector Ruben Threadgill, took a default judgment against the City on March 22, 1983, in which appellee recovered certain real estate. Appellee's attorney did not file a certificate of appellant's address as required by TEX.R.CIV.P. 239a. Appellant did not learn of the default judgment until the sheriff attempted execution on the City. Appellant filed its petition for a bill of review on May 12, 1983.[1] After a nonjury hearing, the trial court entered judgment against appellant. On appeal, appellant alleges the court erred in not granting a new trial because the City was not notified of the entry of the default. We reverse the judgment of the trial court.

In order to be entitled to a new trial on a bill of review, the bill of review plaintiff must allege and prove that (1) he has a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident, or wrongful act of the op-

1. The City filed a writ of error in this suit in our court. We affirmed the judgment of the trial court in an unpublished opinion, appeal No. 04–83–00223–CV, delivered March 14, 1984. On June 14, 1984, the Supreme Court denied application for writ of error, no reversible error.

posing party, (3) unmixed with any fault or negligence of his own. *Gracey v. West,* 422 S.W.2d 913, 915 (Tex.1968); *Hanks v. Rosser,* 378 S.W.2d 31, 34 (Tex.1964); *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950). However, in cases in which a court official, acting within his official court duties, misinforms or fails to inform a litigant so that he is prevented from timely filing a motion for new trial, the litigant need not prove that he was prevented from making a meritorious defense by the fraud, accident, or wrongful act of the opposing party. *Gracey v. West, supra,* at 916; *Hanks v. Rosser, supra,* at 35; *Kelly Moore Paint Co. v. Northeast National Bank of Fort Worth,* 426 S.W.2d 591, 594 (Tex.Civ.App.—Fort Worth 1968, no writ).

The purpose of TEX.R.CIV.P. 239a, which requires the winning party to certify to the district clerk the last known address of the losing party in a default judgment, is to insure that the losing party has an opportunity to attack the judgment by motion for new trial or appeal. The purpose of the rule "would be unnecessarily thwarted if there can be no relief when the clerk, either intentionally or through oversight, fails to send the requisite notices...." *Crabbe v. Hord,* 536 S.W.2d 409, 412 (Tex.Civ.App.— Fort Worth 1976, writ ref'd n.r.e.), *cert. denied,* 430 U.S. 932, 97 S.Ct. 1554, 51 L.Ed.2d 776 (1977).

The same reasoning applies when the clerk fails to send notice because the appellee failed to certify the address. In that instance, the bill of review standard is much like that of *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939). The bill of review plaintiff must allege and prove (1) a meritorious defense to the underlying cause of action; (2) official misinformation misled or prevented him from timely filing a motion for new trial; (3) his failure to answer was not intentional or the result of conscious indifference, even though it was negligent; and (4) no injury will result to the other party by the delay in the trial. *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240, 244 (Tex.1974); *Hanks v. Rosser, supra; Gonzalez v. Mann,* 584 S.W.2d 928, 931 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.).

Appellee's attorney admitted at the bill of review hearing that he did not give the district clerk's office notice of the appellant's address. We, therefore, hold the *Hanks v. Rosser* standard for bill of review applies.

Appellant has met the *Hanks v. Rosser* requirements for the granting of a bill of review. The appellant proved a meritorious defense and the failure of appellee to give the required certificate of address to the district clerk. The trial court found appellant was negligent in failing to file an answer. However, negligence is not controlling in a case like this. *Petro-Chemical Transport, Inc. v. Carroll, supra.* Further, appellee's failure to comply with Rule 239a in giving the clerk notice of appellant's address weighs heavily in our consideration. We believe appellee will suffer no harm by granting the bill of review, even though he resides in Arizona. His presence at trial probably will not be necessary as the necessary proof will consist mainly of documents.

The trial court abused its discretion in failing to grant appellant a new trial. The judgment of the trial court is reversed and remanded for a new trial. It is proper that costs of the appeal be taxed against appellant, and we so order.