**Edward MATHEWS, Bearl Mathews, Nehemiah (aka Fred) Mathews, Nathan Mathews, and James Mathews, Appellants,**

v.

**HARRIS METHODIST, FORT WORTH, a Non–Profit Corporation, Tarrant–Parker County Medical Examiner's District, and Lions Organ and Eye Bank, District 2E2, Inc., a Texas Corporation, Appellees.**

No. 2–91–272–CV.

Court of Appeals of Texas, Fort Worth.

July 22, 1992.

Rehearing Overruled Aug. 12, 1992.

Priddy & Chovanec, Laurance L. Priddy, Fort Worth, for appellants.

Renfro, Mack & Hudman, P.C., Douglas R. Hudman, Fort Worth, for appellee Harris Methodist.

Fillmore Law Firm, P.C., T. Andrew Beach, Fort Worth, for appellee Lions Organ and Eye Bank.

Tim Curry, Dist. Atty., Gerald Summerford, Asst. Dist. Atty., Fort Worth, for appellee Tarrant–Parker County Medical Examiners Dist.

Before FARRIS, MEYERS and ASHWORTH (Retired, Sitting by Assignment), JJ.

## OPINION

FARRIS, Justice.

Edward Mathews, Bearl Mathews, Nehemiah (aka Fred) Mathews, Nathan Mathews and James Mathews, appellants, appeal the denial of their bill of review in which they sought to have their case reinstated after dismissal for want of prosecution. Appellants filed suit on August 7, 1989 against Harris Methodist, Fort Worth, Tarrant–Parker County Medical Examiner's District and Lions Organ and Eye Bank, District 2E2, appellees, for the wrongful removal of their deceased brother's corneas. On September 28, 1990 the court dismissed the cause for want of prosecution. Appellants filed an equitable bill of review on March 28, 1991 that was overruled by the trial court on September 13, 1991.

Appellants raise five points of error complaining the trial court abused its discretion in denying the bill of review because: (1) and (2) appellants had no notice of the dismissal of their cause of action until the dismissal was final and the court's plenary power to reinstate had expired, which under the circumstances, was a denial of due process under the United States and Texas Constitutions; (3) the evidence demonstrates that lack of notice of the dismissal was due to a mistake occurring in the notice process; (4) there is no evidence to

support the trial court's finding that appellants' failure to timely pursue their cause of action was due to appellants' fault or negligence; and (5) the trial court's finding that appellants' failure to timely pursue their cause of action was due to appellants' fault or negligence is against the great weight and preponderance of the evidence.

The facts surrounding the events leading to the dismissal of appellants' case are essentially undisputed. The original lawsuit was filed by a lawyer named Edmund Brown in August 1989. Brown testified that he subsequently engaged in discovery for a number of months, including interrogatories and production requests. Brown then ceased discovery in January 1990 because he decided to involve another lawyer on the case with more experience. He contacted other lawyers and Laurance Priddy agreed to take the case. Priddy received contractual documents regarding entering the case in January 1991 and filed his motion to be substituted as counsel in March 1991. Upon filing, Priddy was advised the case had been dismissed and notified Brown of this fact. Brown testified that he had no notice of the dismissal until being advised by Priddy in March 1991. Brown also testified that when the litigation started, he officed in the Fort Worth Club Tower but had subsequently moved to another location and had provided notice to the post office. After providing the post office with a change of address, he continued to receive mail forwarded from his previous address but never received notice that this case was on the dismissal docket or had been dismissed. Brown did not notify the court or opposing counsel of his address change because he anticipated obtaining alternate counsel. Brown makes no contention that any of appellees did anything wrongful or fraudulent causing the dismissal.

 Appellants concede in their brief that they do not meet the traditional test for an equitable bill of review set forth in *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (Tex.1950). *Alexander* requires a party to plead and prove: (1) a meritorious defense; (2) which he was pre-

vented from making due to the fraud, accident or mistake of the opposing party; and (3) unmixed with any fault or negligence of his own. *Alexander*, 226 S.W.2d at 998. It is because appellants concede appellees have not committed any fraud or wrongdoing that the *Alexander* test is inapplicable. Instead, appellants argue that under certain circumstances a party may be entitled to a bill of review if they can prove their failure to act within the appropriate time frame was due to some mistake on the part of official personnel. *See City of Laredo v. Threadgill*, 686 S.W.2d 734 (Tex.App.—San Antonio 1985, no writ); *Buddy "L", Inc. v. General Trailer Co.*, 672 S.W.2d 541 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Alternatively, appellants argue they may be entitled to prevail if the adverse action taken on their claim occurred without notice to them so as to deprive them of due process. *See Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Lopez v. Lopez*, 757 S.W.2d 721 (Tex.1988).

Appellants' argument alleging mistake by official personnel fails because both the *Threadgill* and *Buddy "L"* decisions are distinguishable. Both cases actually involved some wrongdoing on the part of the opposing party as set forth in the *Alexander* test. The two decisions revolved around TEX.R.CIV.P. 239a which requires the party who takes a default judgment to certify the last known mailing address of the losing party to the district clerk. In *Threadgill* the party taking the default judgment never certified the address of the losing party, while in *Buddy "L"*, the party taking the default judgment certified the incorrect address. Therefore, we find these decisions unpersuasive.

Likewise, we find that the cases cited for the proposition that appellants were deprived of their right to due process inapplicable. *Peralta* involved a defendant who had no service of process and had not submitted to the jurisdiction of the court; it is much more easily understood how that party was deprived of his right to due process as opposed to appellants who filed suit themselves, invoked the jurisdiction of the court and then failed to give that court

notice of where they could be reached. The *Lopez* decision involved a defendant who was never notified of a trial setting and consequently, failed to appear. The gravity of the lack of notice in these cases is more readily apparent than in the present case. These decisions in *Peralta* and *Lopez* involve a complete lack of notice without fault of the party who did not receive notice. In the present case it cannot be said that appellants' attorney was without fault because he knew that he had a case pending yet failed to give the district court notice of his new address.

Appellants cite additional decisions which are not on point with their due process argument because they do not involve appeals based upon due process or simply are not significantly analogous to the present case; as such we will not address those cases. Points one and two are overruled.

Appellants argue in their third point that the uncontroverted evidence demonstrates that lack of timely notice of dismissal was due to a mistake in the notice process; however, appellants admit they could not prove whether the court did or did not mail the notice to counsel. Thus, it appears the evidence is not uncontroverted that the mistake occurred in the notice process. Moreover, appellants cite the *Threadgill* and *Buddy "L"* decisions which we discussed above and concluded were inapplicable to the disposition of this case. Appellants also argue that the notice provisions provided by the Texas Rules of Civil Procedure are ineffective to insure notice is given. However, appellants cite no authority to support this position nor do they make a valid legal argument for their position. Point three is overruled.

Points four and five are "no evidence" and "insufficient evidence" points regarding the trial court's finding that appellants' failure to timely pursue their cause of action was not free of appellants' fault or negligence. We hold that the evidence is sufficient and does support the trial court's finding that appellants were negligent because there was evidence that the case remained inactive for at least a year and appellants failed to give the dis-

trict court clerk notice of their most recent mailing address. Points four and five are overruled.

The judgment of the trial court is affirmed.