No. 04-98-00100-CV



Cleveland WILLIAMS and Jenora Jones,


Appellants



v.



Reta ROBERTS,


Appellee



From County Civil Court at Law No. 1, Harris County, Texas(1)


Trial Court No. 686,165


Honorable Eugene Chambers, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Tom Rickhoff, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: April 21, 1999


AFFIRMED


 Cleveland Williams and Jenora Jones appeal the denial of their petition for bill of
review. Because they did not exhaust their appellate remedies before invoking the bill of
review, we affirm.

Background


 In 1995, Williams and Jones sued Reta Roberts for negligence arising from a car
accident. Shortly thereafter, Williams and Jones replaced their attorney, Thomas Vaughn,
with Jeffrey Plastrick of Moriarty & Madigan. Two years later, Roberts moved to dismiss the
case with prejudice because Williams and Jones failed to respond to court-ordered discovery.
Defense counsel, Stephen Bain, served a copy of the motion on Vaughn, rather than
Plastrick. As a result, Williams and Jones did not appear at the hearing on the motion to
dismiss. The trial court granted the motion on February 7, and the clerk sent a copy of the
order to Vaughn, rather than Plastrick.

 Plastrick left the Moriarty & Madigan law firm; and, on May 19, Wade Moriarty
discovered the dismissal. The following day Moriarty filed a motion to reinstate, but the trial
court denied the motion as untimely. On July 14, Moriarty filed a bill of review to set aside
the dismissal order on the basis that William and Jones did not receive notice of either the
dismissal hearing or the dismissal order. After holding a hearing, the trial court denied the
bill of review. The court made findings of fact and conclusions of law, but refused to make 
additional findings and conclusions requested by Williams and Jones.

The Bill of Review


 Williams and Jones argue the trial court erred by denying their bill of review. We
review this decision with the abuse of discretion standard. In re National Unity Ins. Co., 963
S.W.2d 876, 877 (Tex. App.--San Antonio 1998, orig. proceeding). A trial court abuses its
discretion when it acts without reference to any guiding rules or principles, or in an arbitrary
or unreasonable manner. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985). 

 A bill of review is an equitable proceeding to set aside a judgment that is no longer
appealable or subject to a motion for new trial. Transworld Fin. Servs. Corp. v. Briscoe, 722
S.W.2d 407, 407 (Tex. 1987). Generally, a petitioner must allege and prove a meritorious
claim or defense; official mistake or the opposing party's fraud, accident, or wrongful act;
and lack of his own fault or negligence. Hanks v. Rosser, 378 S.W.2d 31, 35 (Tex. 1964);
National Unity., 963 S.W.2d at 878. But when the bill of review raises lack of notice, the
petitioner must prove only lack of fault or negligence. Winrock Houston Assocs. L.P. v.
Bergstrom, 879 S.W.2d 144, 149-50 (Tex. App.--Houston [14th Dist.] 1994, no writ) (citing
Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80 (1988)). Lack of fault or negligence includes
the duty to diligently pursue adequate legal remedies. See Caldwell v. Barnes, 975 S.W.2d
535, 537 (Tex. 1998); Magan v. Hughes Television Network, Inc., 727 S.W.2d 104, 105 (Tex.
App.--San Antonio 1987, no writ).

 In their third, seventh, eleventh, and thirteenth points of error, Williams and Jones
allege the dismissal did not result from their own fault or negligence or that of their attorney.
Roberts disagrees, asserting that Williams and Jones failed to exhaust their legal remedies
by not appealing by writ of error. In reply, Williams and Jones argue that a bill of review is
"parallel," rather than "sequential," to appeal by writ of error. They also assert that appeal
by writ of error was not a viable alternative because they could not show error on the face
of the record.(2) We agree with Roberts.

 To support their assertion that a bill of review is "parallel" to an appeal, Williams and
Jones rely on this court's opinion in City of Laredo v. Threadgill, 686 S.W.2d 734 (Tex.
App.--San Antonio 1985, no writ). In Threadgill, both a petition for bill of review and a writ
of error were filed within six months of the judgment. Id. at 734. We did not hold the two
remedies were alternative or "parallel" remedies. Instead, we noted that a writ of error had
been filed but was unsuccessful, thereby suggesting that a bill of review was the only viable
or adequate remedy. Id. at n.1. See W. Wendell Hall, Standards of Review in Texas, 29 St.
Mary's L.J. 351, 520-21 (1998) (explaining that bill of review is "not a mere alternative of
review" absent "good excuse"). Thus, Threadgill is inapplicable to this case.

 Williams and Jones also rely on Estate of Howley v. Haberman, 878 S.W.2d 139 (Tex.
1994). In this per curiam opinion, the Texas Supreme Court conditionally granted a writ of
mandamus because the trial court reinstated Guzman's case after the expiration of its plenary
power. Id. at 140. The Court noted that "Guzman's only possible recourse is a bill of
review." Id. This statement is not instructive because the Court did not discuss the alternative
of appeal by writ of error or provide any factual details to determine whether appeal by writ
of error was viable. The Court's omission is particularly troublesome in light of those cases
requiring a bill of review petitioner to appeal by writ of error. See, e.g., Lawrence v.
Lawrence, 911 S.W.2d 443, 448 (Tex. App.--Texarkana 1995, writ denied); Brooks v.
Associates Fin. Servs. Corp., 892 S.W.2d 91, 93 (Tex. App.--Houston [14th Dist.] 1994, no
writ).

 Here, the trial court found that Williams and Jones "neglected to pursue their legal
remedies." Implicitly, the court found that appeal by writ of error was viable because error
appeared on the face of the record. This finding is supported by evidence demonstrating that
both opposing counsel and the court clerk served notice on Vaughn, rather than on counsel
of record. Cf. General Motors Acceptance Corp. v. City of Houston, 857 S.W.2d 731, 732
(Tex. App.--Houston [14th Dist.] 1993, no writ) (explaining that incomplete address was
error on the face of the record). Thus, a writ of error was an adequate legal remedy in this
case -- a remedy that Williams and Jones did not pursue. Therefore, they failed to show lack
of negligence on their own part, and the trial court did not abuse its discretion in denying
their bill of review. Accordingly, we overrule the third, seventh, eleventh, and thirteenth
points of error.

 In their fourth point of error, Williams and Jones allege they had a meritorious claim.
In their fifth, sixth, and ninth points of error, they allege mistake on the part of both opposing
counsel and the court clerk. Because their bill of review raises lack of notice, Williams and
Jones were not required to prove these elements. Accordingly, we overrule the fourth, fifth,
sixth, and ninth points of error.


The Hearing


 In their second point of error, Williams and Jones argue the bill of review hearing
violated the procedure suggested in Beck v. Beck, 771 S.W.2d 141 (Tex. 1989). In Beck, the
Supreme Court explained that a pretrial hearing on a petition for bill of review should be
conducted to determine whether the petitioner made a prima facie showing of its meritorious
defense. Id. at 142. The court specifically declined to address those cases where a meritorious
defense or claim is not an issue. Id. at 141 n.1. Thus, the procedure in Beck is inapplicable
to this case. See McDaniel v. Hale, 893 S.W.2d 652, 663 (Tex. App.--Amarillo 1994, writ
denied). Because the trial court was not required to conduct a preliminary hearing, we
overrule the second point of error.

Due Process


 In their first and twelfth points of error, Williams and Jones challenge the
constitutionality of the underlying dismissal order. They rely on Gutierrez v. Lone Star
National Bank, 960 S.W.2d 211, 214 (Tex. App.--Corpus Christi 1997, pet. denied), where
the court of appeals stated that, in general, improper notice "invalidates subsequent court
proceedings vis-a-vis the party who did not receive notice." The court clarified this general
statement by applying the fault or negligence element for bills of review. Id. at 215-16. The
court did not hold that dismissal without notice automatically violates constitutional rights.
Because Gutierrez is not instructive, we overrule the first and twelfth points of error.

Death Penalty Sanctions


 In their fourteenth point of error, Williams and Jones maintain the dismissal was an
improper discovery sanction under TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d
913, 917 (Tex. 1991) (explaining that courts must consider the availability of less stringent
sanctions). Because Williams and Jones did not prove they were entitled to a bill of review,
we need not address the severity of the dismissal. See, e.g., Lowe v. U.S. Shoe Corp., 849
S.W.2d 888, 891 (Tex. App.--Houston [14th Dist.] 1993, writ denied). We therefore
overrule the fourteenth point of error.

The Findings of Fact and Conclusions of Law


 In their tenth point of error, Williams and Jones complain the court made immaterial
and unnecessary findings of fact. Specifically, they challenge the trial court's findings that
the dismissal was a final judgment; the motion to reinstate was denied; the bill of review was
filed in July 1997; and Williams and Jones took no action "to pursue their legal remedies."
These facts, however, were pertinent to the trial court's conclusion that Williams and Jones
failed to show lack of mistake. Even if the trial court erred in making these findings, they
were harmless. See Selkirk Island Corp. v. Standley, 683 S.W.2d 793, 796 (Tex.
App.--Corpus Christi 1984, writ ref'd n.r.e.). We therefore overrule the tenth point of error.

 In a related eighth point of error, Williams and Jones maintain the trial court erred in
refusing to make additional findings of fact and conclusions of law. Because these additional
findings and conclusions were unsupported by the record, were related merely to evidentiary
matters, or were contrary to previous findings, the trial court was not required to make them.
See ASAI v. Vanco Insulation Abatement, Inc., 932 S.W.2d 118, 122 (Tex. App.--El Paso
1996, no writ). Accordingly, we overrule the eighth point of error.

Conclusion


 Having overruled all points of error, we affirm the trial court's judgment.


 PAUL W. GREEN,

 JUSTICE


DO NOT PUBLISH

1. The Texas Supreme Court transferred the cause to this court from the Fourteenth Court of Appeals. See Tex.
Gov't Code Ann. § 73.001 (Vernon 1998). The applicable law is the same in both jurisdictions.
2. A writ of error may be brought (1) within six months from the signing of the judgment; (2) by a party to the
lawsuit; (3) who did not participate in the trial on the merits; and (4) where there is error apparent on the face of the
record. Withem v. Underwood, 922 S.W.2d 956, 957 (Tex. 1996); see also Tex. R. App. P. 30 (replacing writ of error
with restricted appeal). The first three requirements are not contested.