*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00350-CV

Craig **SWIFT** and Shari Swift,
Appellants

v.

**STARLITE RECOVERY CENTER**,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 07706A
Honorable Stephen B. Ables, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice

Delivered and Filed:   December 3, 2008

AFFIRMED

Craig Swift and Shari Swift appeal the trial court's judgment denying their bill of review.

The Swifts assert that the trial court erred because they established each of the elements required for

relief.  We affirm the trial court's judgment.

## BACKGROUND

The Swifts filed a petition alleging a negligence claim against Starlite Recovery Center on April 8, 2002. In October of 2002, Starlite moved to dismiss the claims against it asserting that the Swifts' petition alleged a health care liability claim but the Swifts failed to timely file an expert report as required by statute. In November of 2002, the trial court denied Starlite's motion and granted the Swifts additional time to file the expert report.

Although Starlite took three depositions in May and August of 2003, the Swifts did not engage in any discovery. In October of 2006, the trial court sent notice to the Swifts' attorney of its intention to dismiss the case for want of prosecution pursuant to rule 165a of the Texas Rules of Civil Procedure. The trial court subsequently dismissed the case in November of 2006 when the Swifts failed to appear at the dismissal hearing or respond to the notice. The trial court clerk sent notice of the order of dismissal in accordance with the rules.

On August 30, 2007, the Swifts filed a petition for bill of review. The Swifts asserted that their attorney did not receive the notice of the trial court's intention to dismiss or the trial court's order of dismissal. After a bench trial, the trial court denied the bill of review and made the following pertinent findings of fact and conclusions of law: (1) the notice of the trial court's intention to dismiss and order of dismissal were sent to the Swifts' attorney's address at 2709 Heynis South, New Braunfels, Texas which was the last known address of the Swifts' attorney; (2) no change of address was ever filed by the Swifts' attorney indicating he moved from the Heynis street address; and (3) the postal service never returned the notice or order as undeliverable.

## DISCUSSION

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). The fundamental policy that finality must be accorded to judgments makes the grounds upon which a bill of review will be granted narrow and restricted. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.)*; Interaction, Inc./State v. State/Interaction, Inc.*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied). We review the denial of a bill of review under an abuse of discretion standard. *Nguyen*, 93 S.W.3d at 293; *Interaction, Inc./State*, 17 S.W.3d at 778.

Bill of review plaintiffs must ordinarily plead and prove: (1) a meritorious claim or defense to the underlying cause of action; (2) which the party was prevented from making by the fraud, accident or wrongful act of the opposing party or by official mistake; and (3) unmixed with any fault or negligence on their own part. *Caldwell*, 154 S.W.3d at 96. Where service is proper but notice is questioned, the bill of review plaintiff must show the absence of fault or negligence on his or her own part in order to be entitled to relief. *See Hernandez v. Koch Machinery Co.*, 16 S.W.3d 48, 58 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *see also Abou-Trabi v. Best Industrial Uniform Supply, Inc.*, No. 14-02-01000-CV, 2003 WL 22252876, at *4 (Tex. App.—Houston [14th Dist.] Oct. 2, 2003, no pet.) (mem. op.).

In *Mathews v. Harris Methodist, Fort Worth*, 834 S.W.2d 582, 583 (Tex. App.—Fort Worth 1992, writ denied), the bill of review plaintiffs sought to have their case reinstated after it was dismissed for want of prosecution. The plaintiffs' lawyer testified that he did not receive notice of the dismissal until after the case had been dismissed; however, the attorney failed to notify the court

of his address change after filing the original lawsuit. *Id*. The Fort Worth court affirmed the trial court's denial of the bill of review rejecting the argument that the absence of notice prior to the dismissal deprived the plaintiffs of due process. *Id*. The court distinguished cases in which service of process was absent, asserting "it is much more easily understood how [a party who had no service of process] was deprived of his right to due process as opposed to appellants who filed suit themselves, invoked the jurisdiction of the court and then failed to give the court notice of where they could be reached." *Id*. at 584-85. The court concluded, "it cannot be said that appellants' attorney was without fault because he knew he had a case pending yet failed to give the district court notice of his new address." *Id*. at 585.

A party to a lawsuit is charged with notice that the suit may be dismissed for want of prosecution when there is inaction for a long period of time. *Hernandez*, 16 S.W.3d at 59. In this case, four years had elapsed since the lawsuit was filed, and three years had elapsed since the last action in the lawsuit which consisted of three depositions noticed and taken by Starlite. Moreover, evidence was presented that the notice of intent to dismiss and the dismissal order were both properly sent to the last address on file. Although the Swifts seek to rely on testimony that the clerk's office was verbally notified of their attorney's change of address, the trial court did not abuse its discretion in determining that the attorney was at fault or negligent by failing to notify the clerk of the address change in writing. *See Withrow v. Schou*, 13 S.W.3d 37, 40 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (noting due process argument absent where attorney fails to notify the clerk in writing of a new address). Because the evidence establishes that the notices were properly sent to the last address on file for the Swifts' attorney and those notices were not returned, the trial court did not

abuse its discretion in denying the bill of review based on the Swifts' failure to establish that they were without fault or negligence on their own part.   The trial court's judgment is therefore affirmed.

Rebecca Simmons, Justice