

# Fourth Court of Appeals

## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-13-00285-CV

Alice **LABRA**,
Appellant

v.

Carlos **LABRA**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-10580
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:          Karen Angelini, Justice
                    Patricia O. Alvarez, Justice
                    Luz Elena D. Chapa, Justice

Delivered and Filed:  July 23, 2014

AFFIRMED

This case stems from the trial court's denial of Appellant Alice Labra's Petition for Bill of Review filed as a result of a default divorce decree where Appellee Carlos Labra was appointed sole managing conservator of the parties' minor children.  Because Alice failed to meet her burden on the bill of review, we affirm the trial court's judgment.

### FACTUAL BACKGROUND

Alice filed her petition for divorce from Carlos on December 17, 2007, in cause number 2007-CI-18666.  On November 13, 2008, the trial court entered temporary orders wherein the

parties were named joint managing conservators and Alice was granted the exclusive right to designate the primary residence of the children.

Alice contends that in early 2010, Carlos discontinued all communication with her and did not exercise his visitation rights. On September 9, 2010, the trial court signed Alice's order, filed by her attorney, setting the matter for trial on November 22, 2010.

Alice's counsel subsequently filed a motion to withdraw indicating her inability "to effectively communicate with Alice Labra in a manner consistent with good attorney-client relations." The motion to withdraw was granted by the trial court on November 22, 2010 and the matter was reset. The order granting the motion to withdraw provided Alice's last known address as 10010 Sugarloaf Drive, San Antonio, Texas 78248, and further ordered that all notices be either hand-delivered to Alice or mailed to the Sugarloaf address.

In January of 2011, Alice moved from the Sugarloaf address. Alice contends that prior to moving, she contacted the Bexar County District Clerk on three separate occasions to inquire whether there were any pending hearings or court dates that she was required to attend. On January 11, 2011, Carlos filed a motion to set the divorce case for trial and the matter was set for January 28, 2011. Once again, the trial setting was dropped and the matter was not heard on January 28, 2011.

Three months later, on April 13, 2011, Carlos filed an Original Counter-Petition for Divorce and a new motion to set for trial. The case was set for trial on May 11, 2011. Notice was sent to 10010 Sugarloaf Drive, San Antonio, Texas 78248. The notice was returned to sender by the U.S. Post Office as "moved left no address . . . unable to forward . . . return to sender." Alice contends that she was never served with notice of the May 11, 2011 hearing and that Carlos knew she was no longer residing at the Sugarloaf address. Additionally, Alice contends Carlos had her

telephone number, e-mail address, and was able to communicate with her through Facebook and MySpace.

On May 11, 2011, Carlos obtained a Final Decree of Divorce. Alice asserts that she did not know of the final decree until August of 2011, after all post-judgment filing deadlines had expired. Between August of 2011 and December of 2011, Carlos had no contact with Alice and no visitation with the children. Alice contends she relocated to California in December of 2011 to be closer to her family and for financial support.

On February 17, 2012, Carlos obtained a Final Decree of Divorce-Nunc Pro Tunc, correcting language in the May 11, 2011 decree to reflect Alice was not present at the final hearing. Alice asserts the first notice she received of any action taken on the Texas divorce case was an order to appear before the California Superior Court on April 10, 2012, for enforcement of the Texas divorce decree.

On June 28, 2012, Alice filed an Original Petition for Bill of Review. After a December 6, 2012 hearing, the trial court concluded Alice failed to meet her burden on the bill of review and denied the petition. Alice timely filed her notice of appeal.

### BILL OF REVIEW

A bill of review is an equitable action brought by a party to a prior action who seeks to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam); *see also* TEX. R. CIV. P. 329b(f) ("[O]n expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause. . . ."). The fundamental policy that finality must be accorded to judgments makes the grounds upon which a bill of review will be granted narrow and restricted. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d

742, 751 (Tex. 2003); *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet).

## A.     Standard of Review

We review a trial court's ruling on a bill of review for an abuse of discretion. *See Interaction, Inc. v. State*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied). The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, or whether it acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Garza v. Attorney Gen. of Tex.*, 166 S.W.3d 799, 810–11 (Tex. App.—Corpus Christi 2005, no pet.). "A trial court does not abuse its discretion when it makes its decision on conflicting evidence" and some evidence supports its judgment. *Garcia–Udall v. Udall*, 141 S.W.3d 323, 333 (Tex. App.—Dallas 2004, no pet.) (citing *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978)); *accord Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Burns v. Burns*, 116 S.W.3d 916, 921 (Tex. App.—Dallas 2003, no pet.)). Where, as here, the trial court did not file findings of fact and conclusions of law, the judgment will be sustained on any legal theory supported by the evidence. *Nguyen*, 93 S.W.3d at 293–94.

## B.     Argument of Parties

Alice argues her petition for bill of review should have been granted because she was not personally served with citation and, therefore, did not have notice of the final hearing. Alice contends she need not prove the traditional bill of review elements and the court should have granted her bill of review because the lack of notice was for a dispositive trial setting.

Carlos contends that he took all necessary steps to provide the required notice to Alice. He mailed the notice of setting and counter-petition to the last known address in compliance with Rule 21a. Tex. R. Civ. P. 21a. As such, Carlos contends there was no due process violation and Alice failed to meet her burden on the bill of review.

**C.      Requirements to Set Aside a Judgment by Bill of Review**

In order to set aside a judgment by bill of review, a claimant is normally required to prove the following three elements: "'(1) a meritorious defense to the underlying cause of action, (2) which the plaintiff[ ] [was] prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on [its] own part.'" *Mabon Ltd.,* 369 S.W.3d at 812 (alterations in original) (quoting *Caldwell v. Barnes* (*Caldwell II)*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam)).  A bill of review petitioner who alleges she had no notice of a dispositive setting is excused from proving the first two elements, but she "must still prove the third and final element required in a bill of review proceeding that the judgment was rendered unmixed with any fault or negligence of [her] own."  *Caldwell II*, 154 S.W.3d at 97.

"A party's failure to make reasonable inquiries regarding . . . pending litigation is [a] failure to exercise diligence, and without the showing of such diligence, a bill of review will fail" based on the inability of the party seeking relief to prove lack of negligence in allowing the judgment to become final.  *In re A.L.H.C.*, 49 S.W.3d 911, 916 (Tex. App.—Dallas 2001, pet. denied).  A person must exercise due diligence, and if legal remedies were available but ignored, relief by equitable bill of review is unavailable.  *See Caldwell v. Barnes (Caldwell I)*, 975 S.W.2d 535, 537 (Tex. 1998); *see also Min v. Avila*, 991 S.W.2d 495, 500 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (reiterating that in a petition for bill of review claiming lack of service, petitioner must establish "lack of proper service and his own diligence in setting the default judgment aside").

**D.      Alleged Fault or Negligence by Alice**

*1.      Notice under Texas Rule of Civil Procedure 21a*

"When a party asserts a counterclaim or a cross-claim against another party who has entered an appearance, the claim may be served in any manner prescribed for service of citation or as provided in Rule 21a."  TEX. R. CIV. P. 124; *Min*, 991 S.W.2d at 500.  Rule 21a "specifies

that notices be sent to the party's *last known address*, thus imposing a responsibility on the person to be notified to keep the court and parties apprised of their correct and current address." *Withrow v. Schou*, 13 S.W.3d 37, 41 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

In *Mathews v. Harris Methodist*, 834 S.W.2d 582, 583 (Tex. App.—Fort Worth 1992, writ denied), the plaintiffs filed a bill of review seeking to have their case reinstated after it was dismissed for want of prosecution. The court heard testimony that the plaintiffs' lawyer did not receive notice of the dismissal until after the case had been dismissed. *Id*. at 584. The evidence also showed the attorney failed to notify the court of his address change after filing the original lawsuit. *Id*. The Fort Worth court rejected the plaintiffs' argument that the absence of notice prior to the dismissal deprived the plaintiffs of due process, explaining "it is much more easily understood how [a party who had no service of process] was deprived of his right to due process as opposed to appellants who filed suit themselves, invoked the jurisdiction of the court and then failed to give that court notice of where they could be reached." *Id*. at 584–85. The court concluded, "it cannot be said that appellants' attorney was without fault because he knew that he had a case pending yet failed to give the district court notice of his new address." *Id*. at 585. We see no procedural difference in the present case.

### 2. *Testimony at Trial*

During the hearing on the bill of review, Alice testified that she believed she was not required to notify either the clerk or Carlos of any change of address because their attorneys agreed that she would not disclose her address in exchange for holding a protective order in abeyance. She further testified that she notified Carlos she was moving and that they had contact through MySpace in January of 2011. The next time she had contact with Carlos was in July of 2011. Alice contends Carlos had her telephone number, her e-mail address, and was able to contact her through MySpace and Facebook.

When Alice's attorney withdrew, the attorney provided the court with Alice's address on Sugarloaf. TEX. R. CIV. P. 10 (requiring, when another attorney is not to be substituted, withdrawing attorney's motion to state, among other things, the party's last known address); *see also Harrison v. Harrison*, 363 S.W.3d 859, 864 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Alice conceded that prior to her attorney withdrawing from the case, Alice had instructed her to move forward with the case. Alice also conceded that she knew the court had granted her attorney's motion to withdraw and the only address the clerk of the court had was the Sugarloaf address and Alice did not provide her attorney or Carlos's attorney with any change of address.

David Mallonee, a specialist with Child Protective Services, was also called to testify at the bill of review hearing. Mallonee testified that an investigator from his office was assigned to locate Alice based on the District Attorney's "call in referral based on their inability to locate" Alice or her children to testify in a child injury case involving Alice's boyfriend, Ernest Kyle. Kyle was charged with assault of Alice and two of the children. Mallonee further explained it was his understanding the case was dismissed based on Alice's and her son's failure to testify. Mallonee also testified that between May of 2010 and April of 2012, Carlos did not know where Alice and the children were and that Carlos had contacted him seeking help in locating Alice and the children. According to Mallonee, Alice expressed frustration in her family's desire to have the Department place the children with Carlos over her.

### 3. Application

The supreme court's analysis in *Mathis v. Lockwood*, 166 S.W.3d 743, 746 (Tex. 2005) is particularly instructive in this case. The court noted that a litigant has a "duty 'to keep the court and parties apprised of their correct and current address'" in connection with Rule 21a. The court explained, assuming such duty exists, that "unless noncompliance was intentional rather than a mistake, due process requires some lesser sanction than trial without notice or an opportunity to

be heard." *Id.* (citing *Peralta*, 485 U.S. at 85–86 and *Cliff*, 724 S.W.2d at 779); *see also Harrison*, 363 S.W.3d at 865 (stating that absent intentional noncompliance, "[l]oss of the opportunity to contest a termination of parental rights is simply too steep a penalty for failing to keep a current address on file with a court in perpetuity"). This is precisely the issue in this case. Alice testified that she intentionally did not provide Carlos's attorney or the district clerk with her contact information. Although she argues Carlos could reach her through e-mail and social media websites, Alice provides no authority that such information complies with Rule 21a's requirement.

The testimony supports not only that Alice failed to apprise any of the relevant parties of her location, but that she took steps to preclude discovery of her address. Although the parties agreed that Alice's address could remain unknown while she was represented by counsel, we cannot conclude that such agreement extended beyond Alice's attorney's representation of Alice in the divorce proceedings. *Cf. Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (per curiam) (concluding failure to update addresses as required by statute is negligence barring relief by bill of review); *Mathews*, 834 S.W.2d at 584–85 (same). This is further evidenced by Alice's attorney filing Alice's last known address within her motion to withdraw. Based on Carlos's testimony, and that of Mallonnee, we conclude the trial court could have reasonably concluded Alice was actively preventing Carlos, or his attorney, from making contact with her, including providing notice of a court setting.

Based on the record, we cannot say the trial court acted either arbitrarily or unreasonably in determining that Alice failed to meet her burden to prevail on the bill of review. *See Downer*, 701 S.W.2d at 241–42; *Interaction, Inc.*, 17 S.W.3d at 778.

## CONCLUSION

Because the trial court could have reasonably determined that Alice's failure to provide a correct mailing address at which she could receive notices constituted negligence on her part, we

cannot conclude the trial court abused its discretion in denying the bill of review.  Accordingly, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice