

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00424-CV

**IN RE RPH CAPITAL PARTNERS, LP**

Original Mandamus Proceeding[1]

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  December 7, 2016

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator, RPH Capital Partners, LP ("RPH"), filed suit against Peridot Joint Venture, Millennium Exploration Company, LLC, and Richard Monroy (collectively "Peridot"), raising various claims for relief based on a dispute arising from a participation agreement involving a number of oil and gas properties. When Peridot did not appear for the trial on the merits, RPH obtained a default judgment. Peridot challenged the default judgment by filing a petition for bill of review in the trial court. After the trial court granted Peridot's bill of review on June 9, 2016, this original proceeding ensued.

---

[1] This proceeding arises out of Cause No. 2016-CI-05251, styled *Peridot Joint Venture, Millennium Exploration Company, LLC, and Richard Monroy v. RPH Capital Partners, LP*, pending in the 57th Judicial District Court, Bexar County, Texas, the Honorable Antonia Arteaga presiding.

BACKGROUND

RPH, an investment group that invests in oil and gas properties, entered into a participation agreement with Peridot. In exchange for payments made to RPH, Peridot was allowed to participate in drilling and operating various oil and gas wells and to share in any resulting profits. In August 2015, Peridot demanded RPH forfeit all future interest in a well subject to the participation agreement. In response to Peridot's demand, RPH filed suit against Peridot. In its petition, RPH alleged Peridot did not make payments under the participation agreement and engaged in fraud by selling interests in properties Peridot did not own to outside investors. RPH sought a declaratory judgment and damages for breach of contract, detrimental reliance, and promissory estoppel. RPH also sought a temporary injunction. After a hearing was held on RPH's request for a temporary injunction on November 5, 2015, the trial court announced it was granting the temporary injunction and instructed the parties to submit an agreed proposed order. RPH sent a draft of the proposed order, via email, to Wade McClure, lead counsel for Peridot. The proposed order left a blank for the time and date of trial. McClure approved the order as to form, and RPH filed it with the trial court.

The trial court signed the order on November 5, 2015. A trial date of December 14, 2015, was hand-written into the signed order. The signed order was emailed to McClure after 5:00 p.m. on November 5, 2016, thus giving Peridot 38 days' notice of the trial date.

The case was called for trial on December 14, 2015. Peridot did not appear for trial. Counsel for RPH told the trial court that Peridot received notice of the trial date but for the past "30 days or so" Peridot had not responded to text messages, emails or phone calls. RPH put on evidence of damages and the trial judge signed a post-answer default judgment on December 14, 2015, awarding RPH $4,504,500.00 in damages, attorney fees of $50,000.00, and punitive

damages of $3,000,000.00, each, against Peridot Joint Venture, Millennium Exploration Company, LLC, and Richard Monroy, for a total of $13,554,500.00.

Peridot did not file a motion for new trial, nor did it file a notice of appeal. On March 24, 2016, after RPH began to garnish Peridot's bank accounts, Peridot filed an original petition for bill of review. In the petition, Peridot contended it never received a copy of the December 14, 2015 judgment, a contention which is undisputed. Because the temporary injunction order gave only 38 days' notice of the trial date, Peridot further argued it was deprived of its due process right to notice and was entitled to a reversal of the judgment. On May 17, 2016, Peridot filed a motion for summary judgment on its bill of review. After a hearing the trial court granted summary judgment in Peridot's favor. The summary judgment order vacated the December 14, 2015 judgment based on the trial court's finding "that as a matter of law, the Peridott [sic] Plaintiffs were denied due process." RPH then filed this petition for writ of mandamus, asking this court to order the trial court to vacate the summary judgment order and reinstate the December 14, 2015 judgment.

## ANALYSIS

Mandamus relief is available when a trial court erroneously grants a bill of review. *In re Spiller*, 303 S.W.3d 426, 431 (Tex. App.—Waco 2010, orig. proceeding); *In re Nat'l Unity Ins. Co.*, 963 S.W.2d 876, 877 (Tex. App.—San Antonio 1998, orig. proceeding). However, in order to be entitled to mandamus relief, the relator must show the trial court's ruling was a clear abuse of discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). "An erroneously granted bill of review is effectively a void order granting a new trial and is an abuse of discretion that affords no adequate remedy at law." *In re Nat'l Unity Ins. Co.*, 963 S.W.2d at 877 (citing *Thursby v. Stovall*, 647 S.W.2d 953 (Tex. 1983) (per curiam)).

Generally, a bill-of-review plaintiff must "plead and prove (1) a meritorious defense or claim to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any negligence or fault on the part of the plaintiff." *Eastin v. Dial*, 288 S.W.3d 491, 497 (Tex. App.—San Antonio 2009, pet. denied); *see also City of Laredo v. Threadgill*, 686 S.W.2d 734, 734-35 (Tex. App—San Antonio, 1985, no writ). However, that standard is modified when a party is prevented from filing a bill of review because the trial court failed to send notice of a default judgment. *Threadgill*, 686 S.W.2d at 735. When a defaulting party shows that it was not notified that a judgment was taken, and this lack of notice caused the party to miss the deadline for filing a motion for new trial, the bill-of-review plaintiff party must satisfy the test set out in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. Com. App. 1939) governing the granting of motions for new trial following a default judgment. *Id.*

Applying the foregoing law, in order for the trial court to grant Peridot's bill of review in the instant case, Peridot was first required to show its failure to file a motion for new trial was caused by the failure of the court to provide the required notice of the default judgment. *Id.* Upon that showing, Peridot then would have to show (1) the failure to appear at trial was not intentional or the result of conscious indifference, but was due to mistake or accident; (2) a meritorious defense to the suit; and (3) granting the motion will not delay or otherwise work an injury to RPH. *Craddock*, 133 S.W.2d at 126; *see also Dir., State Emp. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994).

In the instant case it is undisputed that Peridot's failure to file a motion for new trial was caused by the trial court's failure to provide the required notice of the default judgment. With regard to its remaining burden, Peridot argues the *Craddock* test is modified when the order giving

- 4 -

notice of the trial date fails to provide the full forty-five days' notice required by the rules of civil procedure. *See* TEX. R. CIV. P. 245.

In its bill of review, Peridot argued the insufficient notice of the trial setting was a violation of Peridot's fundamental due process rights. Peridot argued that this violation conclusively established that its failure to appear at trial was not intentional or the result of conscious indifference, relying upon *Mabon Ltd. v. Afri-Carib Enterprises, Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) and cases cited therein for support, particularly *Peralta Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-86 (1998) and *Caldwell v. Barnes*, 975 S.W.2d 535 (Tex. 1998). However, these cases involved situations where the defaulting party was either not served with the lawsuit and filed no answer, or received no notice of the trial setting. *See Peralta*, 485 U.S. at 84-86 (party had no notice of the lawsuit); *Mabon*, 369 S.W.3d at 812 (defendant received no notice of the trial setting); *Caldwell*, 975 S.W.2d at 536 (defendant was never served with process). In this case there is no dispute that Peridot was served with process and answered and appeared in the lawsuit. There is also no dispute Peridot received notice of the trial setting.

Peridot received notice of the trial setting when the signed temporary injunction order was sent to Peridot's counsel after 5:00 p.m. on November 5, 2015 by email. Peridot's counsel admits receiving the order. Therefore, this is not a case where a party received no notice of a trial setting. The question before this court is not the effect of a party receiving no notice of a lawsuit or no notice of a trial setting, but rather the effect of a party receiving less than forty-five days' notice of a trial setting.

RPH argues that Peridot waived its complaint regarding the insufficient notice of the trial date. Under Texas Rule of Civil Procedure 245, a trial court must provide "reasonable notice of not less than forty-five days to the parties of a first setting for trial." TEX. R. CIV. P. 245. This provision is mandatory. *Templeton Mortg. Corp. v. Poenisch*, No. 04-15-00041-CV, 2015 WL

7271216, at *2 (Tex. App.—San Antonio Nov. 18, 2015, no pet.) (mem. op.) (citing *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.)). Failure to give forty-five days' notice of the first trial setting is a violation of fundamental due process. *Id.* However, insufficient notice under Rule 245 is waived if the issue is not properly preserved. *Id.* To preserve a complaint regarding insufficient notice under Rule 245, a party must object to the untimely notice. *Id.* A party waives any complaint of insufficient notice under Rule 245 when it takes no action after it "'receives some, but less than forty-five days', notice.'" *Id.*, (quoting *Custom-Crete, Inc.*, 82 S.W.3d at 659).

Peridot received notice of the trial setting on the evening of November 5, 2015. The trial on the merits was set for December 14, 2015. Because that notice gave only thirty-eight days' notice of the trial setting, it was insufficient under Texas Rule of Civil Procedure 245. TEX. R. CIV. P. 245. However, Peridot neither appeared at the trial nor raised any pretrial objection to the lack of sufficient notice. Based on Peridot's failure to raise any objection to the insufficiency of the notice, Peridot waived its objection and thus the insufficiency of the notice cannot support the trial court's order granting a new trial. We now consider whether Peridot made the necessary showing under the *Craddock* test applicable in determining whether a party is entitled to a new trial after a default judgment.

As discussed above, one of the factors Peridot was required to establish was that its failure to appear at trial was "not intentional or the result of conscious indifference, even though it was negligent." *Threadgill*, 686 S.W.2d at 735. Generally, "some excuse, although not necessarily a good one" is sufficient to negate intentional or conscious indifference. *Sutherland v. Spencer*, 376 S.W.3d 752, 756 (Tex. 2012). However, forgetfulness alone is insufficient to excuse a failure to appear. *Id.* at 755. In *Sutherland*, the Texas Supreme Court held a party negated conscious indifference by offering evidence that its failure to answer a lawsuit was caused by the citation

being "left in a stack of papers on a desk and forgotten about because of limited time spent at the office due to weather conditions over a nearly three-week period during the Christmas holiday season." *Id*. This explanation "provided some excuse for its oversight" that led to the failure to answer. *Id*. The court noted the similarity to the excuse given in *Craddock*, in which "weather conditions altered a company's ordinary course of business, which ultimately led to the misplacement of a citation among less urgent mail and the failure to answer the lawsuit before judgment." *Id*. (citing *Craddock*, 133 S.W.2d at 125).

The dissent in *Sutherland* provides additional examples of cases where a party disproved conscious indifference. *Sutherland*, 376 S.W.3d at 758-759 (Jefferson, CJ, dissenting). The excuses accepted as negating conscious indifference include: losing the service papers if "supported by some explanation from the person most likely to have seen them, or of the efforts made to find them," *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 576 (Tex. 2006); and misplacing the citation due to a turnover in staff or a breakdown in communication, *Dir., State Emp. Workers' Comp. Div.*, 889 S.W.2d at 269 and *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994) (per curiam). These cases involve parties that received notice but explained why they did not act after receiving notice. In this case, Peridot received notice, but failed to explain why it did not act after receiving notice.

Peridot's motion for summary judgment on its bill of review was supported by the affidavit of its counsel, Wade McClure. In his affidavit, McClure stated: on November 5, 2015, the trial court informed the parties it was granting the temporary injunction and requested the parties submit an order; RPH transmitted a draft order to McClure which included a blank section at the end for a trial setting; McClure eventually agreed to the form of the order and agreed RPH's counsel could sign McClure's name to the order "with permission;" McClure was not consulted on the trial date; RPH's counsel forwarded a copy of the signed order to McClure on the evening of November 5,

2015; the transmitting email did not copy anyone else in McClure's firm; the transmitting email did not advise of a trial setting in the body of the email; McClure "did not see" the December 14, 2015 trial setting in the signed order; and neither McClure nor anyone at his firm docketed the trial date. The affidavit concludes by stating the failure of the Peridot parties to appear at the December 14 trial was not intentional or the result of conscious indifference.

McClure's affidavit does not provide an explanation for the failure to appear at the trial on the merits on December 14, 2015. The affidavit offers no description of circumstances that explain why Peridot took no notice of the trial date. Further, the affidavit does not address other instances showing Peridot had notice of the trial date. The temporary injunction order, with the December 14, 2015 trial date, was attached to a motion to transfer venue filed by RPH in related litigation in Dallas County, Texas, with the trial date stated in the body of the motion. The motion to transfer venue was served on Peridot on December 7, 2015. In addition, Peridot's counsel referenced the temporary injunction order in a protective order he drafted soon after he received the temporary injunction order containing the December 14, 2015 trial date. The protective order specifically refers to sections of the temporary injunction order. McClure's affidavit is silent as to these other pleadings.

As previously stated, one of the factors Peridot was required to establish was that its failure to appear at the time of trial was not intentional or the result of conscious indifference, but was due to mistake or accident. *Craddock*, 133 S.W.2d at 126. Unlike the cited cases where the defaulting parties negated intent or conscious indifference, Peridot failed to provide the trial court with any evidence of circumstances excusing Peridot's failure to appear at the trial. Because we find Peridot did not establish its failure to appear was not intentional or the result of conscious indifference, we need not address the remaining factors Peridot would have been required to

establish to be entitled to a new trial.  Under the facts of this case, the trial court clearly abused its discretion by granting Peridot's bill of review.

## CONCLUSION

Based on the foregoing analysis, we hold the trial court abused its discretion when it granted Peridot's bill of review, and accordingly conditionally grant mandamus directing the trial court to vacate its judgment on the bill of review and reinstate its December 14, 2015 judgment.

Karen Angelini, Justice